RECEIVED

2005 AUG -8  P 2: 05

DEBRA P. HACKETT, CLK

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK AND ) | |
| BARBARA E. CLARK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | |
| ) | 1:05cv 747-M |
| AMSOUTH MORTGAGE COMPANY, INC., ) | |
| DOVENMUEHLE MORTGAGE INC., ) | |
| GEOTRAC INFORMATION SYSTEM ) | |
| SPECIALIST, and EMPIRE FIRE AND ) | |
| MARINE INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle" or "Defendant") files this Notice of Removal to remove this civil action from the Circuit Court of Houston County, Alabama, wherein it was filed as CV-05-384-H, to the United States District Court for the Middle District of Alabama, Southern Division. In support of removal, Dovenmuehle respectfully shows the Court as follows:

1. On or about June 22, 2005, Plaintiffs Arthur and Barbara Clark filed a Complaint in the Circuit Court of Houston County, Alabama, in the civil action styled <u>Arthur Earl Clark and Babara E. Clark v. AmSouth Mortgage Company, et al</u>, Civil Action No. 05-384-H. A true and correct copy of all process and pleadings served upon Dovenmuehle is attached hereto as Exhibit A and is incorporated herein by reference. The Complaint alleges federal and state law claims arising out of the handling of Plaintiffs' mortgage loan and efforts to collect the debt.

1210899

2.  This Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3.  This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiffs seek to recover damages for alleged violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

## FEDERAL QUESTION JURISDICTION

4.  Defendants can remove to the appropriate federal district court "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1373 (11th Cir. 1998) (recognizing that "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim.") (internal citations omitted).

5.  This is a civil action arising under the Constitution, laws, or treaties of the United States, specifically 15 U.S.C. § 1601 et seq., otherwise known as the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. § 1692 et. seq., otherwise known as the Fair Debt Collection Practices Act ("FDCPA"). See Complaint at ¶¶ 44-51.

6.  It is settled in the Eleventh Circuit that causes of action under FCRA and FDCPA arise under the laws of the United States, and, within the meaning of 28 U.S.C. § 1331, are removable on grounds of federal question jurisdiction under 28 U.S.C. § 1441(a) and (b). Lockhard v. Equifax, Inc., 163 F.3d 1259, 1264-65 (11th Cir. 1998) (holding that causes of

action asserted pursuant to FCRA are removable to federal district court); <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998) (affirming district court's entry of judgment on the pleadings in action removed from the Circuit Court of Madison County to the Northern District of Alabama where complaint stated a claim for violation of FDCPA).

7.  Accordingly, the Complaint arises under federal law and could have been originally filed in this Court. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

8.  Defendants Amsouth Bank and Geotrac have consented to the removal of this action by filing, contemporaneously herewith, a Consent to and Joinder in Removal. Although Defendant Empire has not been served with the Summons and Complaint, it has also consented to this removal. Empire will file a formal consent, although not required to do so, if an when service is perfected upon it.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

9.  A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Houston County, Alabama, as provided by law, and written notice is being sent to Plaintiffs' counsel. A copy of Defendant's Notice of Filing Notice of Removal is attached hereto as Exhibit B.

10. All properly served Defendants join in and consent to this removal.[1]

11. Defendants have sought no similar relief with respect to this matter.

12. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

---

[1] As Dovenmuehle, AmSouth, Geotrac and Empire are the only Defendants other than the fictitious Defendants named in this action, there are no additional Defendants to join in or consent to this Notice of Removal. Although 28 U.S.C. Section 1446(a) mandates all defendants join in the petition for removal, "unknown defendants . . . may be disregarded in determining whether the removing defendants have complied with" 28 U.S.C. Section 1446(a). <u>Raisanen v. Lolley</u>, 2000 U.S. Dist. LEXIS 19804 *1, *7 (S.D. Ala.) (internal citation and quotation marks omitted).

13. The allegations of this Notice are true and correct, the case is currently pending in a county within the jurisdiction of the United States District Court for the Middle District of Alabama, Southern Division, and this cause is properly removable to the United States District Court for the Middle District of Alabama.

14. If any question arises as to the propriety of the removal of this action, Dovenmuehle respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, Dovenmuehle Mortgage, Inc., desiring to remove this case to the United States District Court for the Middle District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Thomas W. Thagard III
John David Collins

Attorneys for Defendant Dovenmuehle Mortgage, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 8th day of August, 2005:

Douglas M. Bates
Clifford W. Jarrett
424 South Oates Street Suite 1
Dothan, AL 36301

Joseph E. Stott
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

_____
OF COUNSEL