**FILED**

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

JUN 2 2 2005

| | |
|---|---|
| ARTHUR EARL CLARK and wife, | ) |
| BARBARA E. CLARK, | ) |
| PLAINTIFFS, | ) |
| | ) CIVIL ACTION NO.: |
| VS. | ) |
| | ) |
| AMSOUTH MORTGAGE COMPANY, INC., | ) |

*Judy Byrd*
JUDY BYRD, CLERK
CV05-384H HOUSTON CO., AL

a corporation, DOVENMUEHLE MORTGAGE, INC., a corporation, GEOTRAC INFORMATION SYSTEM SPECIALISTS, an entity, EMPIRE FIRE AND MARINE INSURANCE COMPANY, a corporation, Fictitious Parties Defendant A, B, and C, whether singular or plural, being those individuals, businesses, associations, corporation, or other entities, who or which by themselves or by agent or representative, caused the injuries and damages sustained by the Plaintiffs herein; Fictitious Parties Defendant D, E, and F, whether singular or plural, being those individuals, business, associations, corporation, or other entities, who or which by themselves or by agent or representative, aided, abated, and/or conspired with the Defendants to cause the injuries and damages sustained by the Plaintiffs herein; and Fictitious Parties Defendant G, H, and I, whether singular or plural, being those businesses, associations, corporations, or other entities, which are the predecessor or successor organization of any of the above and heretofore referenced Defendants and/or Fictitious Parties Defendant. (Plaintiffs aver that the identities of the Fictitious Parties Defendant are otherwise unknown to Plaintiffs at this time, or if their names are known to the Plaintiffs at this time, their identity is proper parties Defendant is not known to the Plaintiffs at this time; but that their true names will be substituted by amendment to the Complaint when the aforesaid lacking knowledge is ascertained).

DEFENDANTS.

## NATURE OF THE ACTION

1. This is an action for damages arising out of the force placing of flood insurance on Plaintiffs' property allegedly under a mortgage indebtedness between Plaintiffs and Defendants AmSouth Mortgage Company, Inc. and Dovenmuehle Mortgage, Inc.

A:\earl clark complainta.wpd

## STATEMENT OF THE PARTIES

2. The Plaintiffs, Arthur Earl Clark and Barbara E. Clark (hereinafter "the Clarks") are husband and wife. Each is over the age of nineteen years and each is a bona fide resident citizen of Houston County, Alabama.

3. The Defendant, Amsouth Mortgage Company, Inc. (hereinafter "AmSouth"), is a corporation with its principal place of business in Birmingham, Alabama and which is believed to be organized under the laws of the State of Delaware. AmSouth was at all times relevant to this action doing business in Houston County, Alabama.

4. The Defendant, Dovenmuehle Mortgage, Inc.(hereinafter "Dovenmuehle"), is a corporation with its principal place of business in Schaumburg, Illinois, and which is believed to be organized under the laws of the State of Delaware. Dovenmuehle was at all times relevant to this action a foreign corporation qualified to do business in this state and was doing business in Houston County, Alabama.

5. The Defendant, Empire Fire and Marine Insurance Company (hereinafter "Empire"), is a corporation with its principal place of business in Omaha, Nebraska, and which is believed to be organized under the laws of the State of Nebraska. Empire was at all times relevant to this action doing business in Houston County, Alabama.

6. The Defendant, Geotrac Information Systems Specialists,

A:\earl clark complainta.wpd

(hereinafter "Geotrac"), is a person, firm or corporation with its principal place of business in Lake Forest, Illinois, and which is believed to be organized under the laws of the State of Illinois. Geotrac was at all times relevant to this action engaged in conduct affecting business in Houston County, Alabama, which conduct injured the Clarks.

7. Fictitious Parties Defendant A, B and C, whether singular or plural, are those individuals, businesses, associations, corporations, or other entities, who or which by themselves or by agent or representative, caused the injuries and damages sustained by the Plaintiffs herein. Said Defendants were at all times relevant to this action doing business in Houston County, Alabama.

8. Fictitious Parties Defendant D, E, and F, whether singular or plural, are those individuals, businesses, associations, corporations, or other entities, who or which by themselves or by agent or representative, aided, abetted, and/or conspired with the other Defendants herein to cause the injuries and damages sustained by the Plaintiffs herein. Said Defendants were at all times relevant to this action doing business in Houston County, Alabama.

9. Fictitious Parties Defendant G, H, and I, whether singular or plural, being those businesses, associations, corporations, or other entities, which are the predecessor or successor organization of any of the above and heretofore referenced Defendants and/or Fictitious Parties Defendant. Said Defendants were at all times

A:\earl clark complainta.wpd

relevant to this action doing business in Houston County, Alabama.

<u>STATEMENT OF THE FACTS</u>

10. On or about the 24th day of August, 1988, the Clarks executed and delivered to American Federal Savings Bank of Duval County (hereinafter "American") a promissory note secured by a mortgage on the following described house and lot situated in Houston County, Alabama, to wit:

> A lot or parcel of land in Houston County, Alabama, and being more particularly described as follows: Beginning at the intersection of the West line of the E 1/2 of the NE 1/4 of section 12, TIN, R27E and the Westerly side of a Paved County Road (Houston Co. Rd. No. 55) and thence N1$^0$-00'W along said West line, 450.01 feet; thence S59$^0$-58'E, 232.0 feet to the Westerly side of said road, thence S30$^0$- 02'W, along said Road, 385.6 feet to the Point of Beginning. Said parcel being in the E 1/2 of the NE 1/4 of Section 12, TIN, R27E, and containing 1.026 acres, more or less.

11. A copy of said mortgage is annexed hereto as Exhibit "A". Said mortgage was ultimately transferred and/or sold to AmSouth and/or Dovenmuehle.

12. At the time of the execution of the aforesaid mortgage and note with American by the Clarks; the latter were not supplied with any Notice of Flood Hazard and therefore flood insurance was not required by the lender.

13. Prior to June 10, 2003 Geotrac advised AmSouth and/or Dovenmuehle that the property the Clarks mortgaged to American as aforesaid was in a flood zone. On said date, AmSouth wrote the

A:\earl clark complainta.wpd

Clarks requesting flood insurance information.

14. The Clarks investigated the matter, timely notified AmSouth that an error had been made, that the property subject to the American mortgage was not in a flood zone, and that they, therefore, could not obtain flood insurance.

15. AmSouth persisted in its efforts to require the Clarks to provide flood insurance coverage on the mortgaged property. In an effort to avoid having to obtain flood insurance, the Clarks expended a substantial amount of time and money establishing that the mortgaged property was not in a flood zone and presented their proof of such to AmSouth. AmSouth failed to properly investigate the matter.

16. Although the Clarks presented their proof that the property was not in a flood zone, AmSouth ignored that proof and on or about June 7, 2003 sent the Clarks a Flood Insurance Warning Notice and Flood Insurance Reminder.

17. On August 13, 2003 AmSouth force placed flood insurance through Empire, on the Clark's property and created an escrow account. The Clarks objections and protests to AmSouth were ignored. Empire and AmSouth jointly conspired to convert money from Clarks to their own use.

18. The Clarks continued to timely make their regular monthly mortgage installments as required by their mortgage contract and note.

A:\earl clark complainta.wpd

19. Although AmSouth received such payments, it did not appropriately apply said payments and added additional unearned charges and made payments to Empire, denoting them as escrow payments, late fees and penalties.

20. On or about March 8, 2004 AmSouth issued a Notice of Default along with a letter of delinquent account to the Clarks.

21. As a result of AmSouth force placing insurance on the Clark's property and increasing the monthly mortgage indebtedness, together with AmSouth adding the aforesaid unearned charges, AmSouth caused the Clark's mortgage to fall into arrears. On March 8, 2004 AmSouth issued to the Clarks a Notice of Default together with a letter of delinquent account.

22. Thereafter, AmSouth sent the Clarks a letter concerning the pre-foreclosure sale of their home. In order to protect themselves from being homeless, the Clarks made the demanded payments under protest.

23. On or about May 28, 2004 Geotrac admitted that the property was never in a flood zone as the Clarks has always contended.

24. On or about May 28, 2004 AmSouth issued the Clarks a letter admitting that the property was not in a flood zone and demanded the Clarks execute a release of liability in favor of AmSouth stating that the property *was* in fact in a flood zone.

A:\earl clark complainta.wpd

<u>COUNT I</u>
(Breach of Contract)

25. Paragraphs 1 through 24 inclusive are incorporated herein by reference as though fully set out.

26. As successor to American, AmSouth and Dovenmuehle breached the agreement with the Clarks as follows:

a. They failed to post the payments when made.

b. They force placed insurance on the Clark's account without authority.

c. They improperly disclosed credit information to third parties.

d. They breached the implied covenant of good faith and fair dealing.

e. They conspired with Empire to convert money from Clarks and use it to pay unearned premiums to Empire.

WHEREFORE, Plaintiffs demand judgment against each Defendant in the sum of $50,000.00 in compensatory damages, interest and costs.

<u>COUNT II</u>
(Unjust Enrichment)

27. Paragraphs 1 through 26 are incorporated by reference as though they were set out fully herein.

28. The Defendants received funds from the Clarks to which they were not entitled.

WHEREFORE, Plaintiffs demand judgment against each Defendant

in the sum of $50,000.00 in compensatory damages, interest and costs.

### COUNT III
(Conversion)

29. Paragraphs 1 through 28 are incorporated by reference as though fully set out herein.

30. The Defendants converted to their own use fund in a sum yet to be determined, the property of Plaintiffs. Discovery from the named defendants will be needed to be able to determine the exact amount.

WHEREFORE, Plaintiffs demand judgment against each Defendant in a sum of to be determined by the court, plus his punitive damages, interest and costs.

### COUNT IV
(Negligence)

31. Paragraphs 1 through 30 are incorporated by reference as though fully set out herein.

32. Prior to May 28, 2004 Defendants negligently or wantonly placed the Clark's property in a flood zone and force placed flood insurance coverage on their property.

33. As a proximate consequence of the Defendants' said negligence or wantonness the Plaintiffs were caused to suffer the following injuries and damages:

a. They were caused to spend time and money in an effort to satisfy the Defendants their property was not in a flood zone;

b. They were caused to expend sums of money paying charges wrongfully lodged against them by the Defendants;

c. They were caused to fear their house would be foreclosed and they would be homeless;

d. They were caused to suffer stress, mental anguish and anxiety;

e. Their credit reputation was impaired;

f. They were denied credit; and

g. They were otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against each Defendant in the sum of $50,000.00, plus punitive damages, interest and costs.

## COUNT V
### (BREACH OF DUTY TO THIRD PARTY BENEFICIARY)

34. Paragraphs 1 through 33 are incorporated by reference as though fully set out herein.

35. For a valuable consideration, Geotrac undertook a duty to provide reliable information on the Clark's property and determined if it was in a flood hazard zone as determined by the Federal Emergency Management Agency (FEMA). Geotrac did in fact provide AmSouth, Dovenmuehle, Empire and the other Defendants information that the Clark's property was in a flood zone as aforesaid.

36. The Clarks were a direct third party beneficiary of said duty to provide reliable flood zone information.

37. Geotrac breached its duties by negligently and/or wantonly

placing the Clark's property in a flood zone.

38. As a proximate result of Geotrac's breach of duty, the Clarks were caused to suffer injuries and damages as follows:

a. They were caused to spend time and money in an effort to satisfy the Defendants their property was not in a flood zone;

b. They were caused to expend sums of money paying charges wrongfully lodged against them by the Defendants;

c. They were caused to fear their house would be foreclosed and they would be homeless;

d. They were caused to suffer stress, mental anguish and anxiety;

e. Their credit reputation was impaired;

f. They were denied credit; and

g. They were otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Geotrac in the amount of $100,000.00, plus punitive damages and costs.

### COUNT VI
### (FRAUD)

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set out.

40. AmSouth, Dovenmuehle, Empire and the other Defendants represented to Plaintiffs that their property was in a flood zone, that they had to have flood insurance and if they did not pay for the flood insurance their house would be foreclosed.

41. The representation made by the Defendants were false and

Defendants, without knowledge of the true facts, recklessly misrepresented them.

42. Alternatively, the representations made by the Defendants were false and were made by mistake but with the intention that the Clarks should rely upon them.

43. The Clarks believe the representation that their home would be foreclosed and in reliance upon them paid the demanded monies to their injury.

WHEREFORE, Plaintiffs demand judgment against each Defendant in the amount of $50,000.00 in compensatory damages, plus punitive damages and costs.

COUNT VII
(VIOLATION OF FAIR CREDIT REPORTING ACT)

44. Paragraphs 1 through 43 includes the are incorporated herein by reference as though fully set out.

45. AmSouth and Dovenmuehle violated the provisions of the Fair Credit Reporting Act, 15USC Sections 1601 *et seq.* in that said Defendants failed to investigate the credit transactions which had been disputed by the Clarks.

46. AmSouth and Dovenmuehle further violated said Fair Credit Reporting Act by reporting false credit information on the Clarks to credit bureaus and credit collecting agencies.

47. This Court has jurisdiction over this count pursuant to 15USC Section 1640(e).

48. As a result of the violation by AmSouth and Dovenmuehle as

aforesaid the Clarks were denied credit, forced to expend monies to maintain their credit, and were caused to suffer emotional distress, anxiety, and mental anguish.

WHEREFORE, Plaintiffs demand judgment against AmSouth and Dovenmuehle in the sum of $50,000.00 each, plus punitive damages, court costs and a reasonable attorneys fee.

COUNT VIII
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

49. Paragraphs 1 through 48 includes the are incorporated by reference as though fully set out herein.

50. AmSouth and Dovenmuehle violated the provisions of the Fair Debt Collection Practices Act, 15USC Section 166 *et seq.* in that said Defendants failed to timely and adequately investigate Clark's disputes; as well as their failure to correct false and erroneous credit information and billing errors created by said Defendants.

51. As a proximate result of the violations of the aforesaid, the Clarks were injured and damaged by being denied credit, by being forced to expend time and monies in an effort to save their credit reputation, and they were caused to suffer mental anguish and anxiety.

WHEREFORE, each Plaintiff demands judgment against AmSouth and Dovenmuehle in the amount of $50,000.00, plus interest, and costs. They also claim attorneys fee as provided by law.

DOUGLAS M. BATES (BAT013)
Attorney for Plaintiffs
424 South Oates Street Suite #1
Dothan AL 36301
(334)793-3332

CLIFFORD W. JARRETT (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by struck jury.

CLIFFORD W. JARRETT (JAR004)
Attorney for Plaintiffs


SERVE DEFENDANTS AT:
Amsouth Mortgage Bank Inc,
C/O Michel L. Padalino
15 South 20th St.
Birmingham AL 35233

Dovenmuehle Mortgage, Inc.
C/O The Corporations Company
2000 Interstate Park Dr., Ste 204
Montgomery AL 36109

Empire Fire & Marine Insurance Company
c/o Commissioner of Insurance
201 Monroe Street Suite 1700
Montgomery AL 36104-3721

BY CERTIFIED MAIL to:
Geotrac Information System Specialists
c/o Paul Roth
Vice President
156 South Norwalk Road East
Norwalk OH 44857