IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK AND BARBARA E. CLARK, )<br><br>Plaintiffs, )<br><br>v. )<br>)<br>)<br>AMSOUTH MORTGAGE COMPANY, INC., )<br>DOVENMUEHLE MORTGAGE INC., )<br>GEOTRAC INFORMATION SYSTEM )<br>SPECIALIST, and EMPIRE FIRE AND )<br>MARINE INSURANCE COMPANY )<br>)<br>Defendants. ) | CIVIL ACTION NUMBER<br>1:05-cv-747-VPM |

**ANSWER OF DEFENDANT EMPIRE FIRE AND MARINE INSURANCE COMPANY**

Defendant Empire Fire and Marine Insurance Company [hereinafter "Empire"], by and through counsel, answers the allegations of Plaintiffs Arthur and Barbara Clark's complaint as follows:

1.  No response is called for as to the nature of the action Plaintiffs purport to bring. To the extent any response is required, Defendant Empire denies the allegations contained therein.

2.  Admitted.

3.  Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 3 of Plaintiffs' complaint.

4.  Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 4 of Plaintiffs' complaint.

5. Admitted.

6. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 6 of Plaintiffs' complaint.

7. As this case has been removed to federal court, fictitious parties are not permitted. To the extent any response is required relating to the fictitious party allegations, Defendant Empire denies those allegations.

8. As this case has been removed to federal court, fictitious parties are not permitted. To the extent any response is required relating to the fictitious party allegations, Defendant Empire denies those allegations.

9. As this case has been removed to federal court, fictitious parties are not permitted. To the extent any response is required relating to the fictitious party allegations, Defendant Empire denies those allegations.

10. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 10 of Plaintiffs' complaint.

11. While the complaint references a mortgage annexed to the complaint as Exhibit A, no such exhibit was attached to the complaint served on Defendant Empire. Therefore, Defendant Empire is without sufficient information to admit or deny the allegations of paragraph 11 of Plaintiffs' complaint.

12. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 12 of Plaintiffs' complaint.

13. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 13 of Plaintiffs' complaint.

14. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 14 of Plaintiffs' compliant.

15. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 15 of Plaintiffs' complaint.

16. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 16 of Plaintiffs' complaint.

17. Admitted to the extent that Defendant Empire issued a policy of flood insurance for the policy term June 10, 2003 to June 10, 2004 on or about August 5, 2003 to the named insured mortgagee under said policy, AmSouth Bank. To the extent not admitted, the allegations of paragraph 17 of Plaintiffs' complaint are denied.

18. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 18 of Plaintiffs' complaint.

19. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 19 of Plaintiffs' complaint.

20. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 20 of Plaintiffs' complaint.

21. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 21 of Plaintiffs' complaint.

22. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 22 of Plaintiffs' complaint.

23. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 23 of Plaintiffs' complaint.

24. Defendant Empire lacks sufficient information to admit or deny the allegations of paragraph 24 of Plaintiffs' complaint.

## Count I

25. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

26. No response is called for from Defendant Empire as to the allegations of paragraph 26 regarding other Defendants. To the extent any response is required, Defendant Empire denies the allegations of paragraph 26 and each subparagraph thereof of Plaintiffs' complaint.

## Count II

27. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

28. Denied.

## Count III

29. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

30. Denied.

## Count IV

31. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

32. Denied.

33. Denied, including each subparagraph thereof.

## Count V

34. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

35. No response is called for from Defendant Empire as to the allegations of paragraph 35 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

36. No response is called for as to the allegations of paragraph 36 of Plaintiffs' complaint to the extent said allegations set forth legal conclusions. Defendant Empire otherwise lacks sufficient information to admit or deny the allegations of paragraph 36 of Plaintiffs' complaint.

37. No response is called for from Defendant Empire as to the allegations of paragraph 37 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

38. No response is called for from Defendant Empire as to the allegations of paragraph 38 of Plaintiffs' complaint, including each subparagraph thereof. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

## Count VI

39. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

40. Denied as to Defendant Empire. Defendant Empire lacks sufficient information to admit or deny the allegations as to other Defendants contained in paragraph 40 of Plaintiffs' complaint.

41. Denied as to Defendant Empire. Defendant Empire lacks sufficient information to admit or deny the allegations as to other Defendants contained in paragraph 41 of Plaintiffs' complaint.

42. Denied as to Defendant Empire. Defendant Empire lacks sufficient information to admit or deny the allegations as to other Defendants contained in paragraph 42 of Plaintiffs' complaint.

43. Denied as to Defendant Empire. Defendant Empire lacks sufficient information to admit or deny the allegations as to other Defendants contained in paragraph 43 of Plaintiffs' complaint.

## Count VII

44. Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

45. No response is called for from Defendant Empire as to the allegations of paragraph 45 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

46. No response is called for from Defendant Empire as to the allegations of paragraph 46 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

47. Admitted that the United States District Court for the Middle District of Alabama has subject matter jurisdiction of the claims brought under the Fair Credit Reporting Act.

48. No response is called for from Defendant Empire as to the allegations of paragraph 48 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

## Count VIII

49.     Defendant Empire realleges its answers to the preceding paragraphs of the complaint as if fully set forth herein.

50.     No response is called for from Defendant Empire as to the allegations of paragraph 50 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

51.     No response is called for from Defendant Empire as to the allegations of paragraph 51 of Plaintiffs' complaint. To the extent any response is required, Defendant Empire lacks sufficient information to admit or deny said allegations.

52.     To the extent not expressly admitted, the allegations of Plaintiffs' complaint are denied.

## First Affirmative Defense

Plaintiffs' complaint fails to state a claim upon which relief can be granted as to Defendant Empire.

## Second Affirmative Defense

Plaintiffs have failed to plead fraud with the requisite degree of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Third Affirmative Defense

Plaintiffs' claims against Defendant Empire are barred by the applicable statute of limitations.

## Fourth Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any.

**Fifth Affirmative Defense**

Plaintiffs' demand for punitive damages violates the excessive fines provisions, due process clauses, and equal protection clauses of both the United States Constitution and the Alabama Constitution of 1901.

**Sixth Affirmative Defense**

Defendant Empire pleads all procedural and substantive bars to the imposition of punitive damages including, but not limited to, the statutory caps applicable thereto.

**Seventh Affirmative Defense**

Plaintiffs' negligence claim is barred by their own contributory negligence.


    s/ George W. Walker, III
George W. Walker, III (WAL097)

Attorney for Defendant
Empire Fire and Marine Insurance Company


**OF COUNSEL:**

COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL  36101-0347
Telephone:  (334) 834-1180
Facsimile:  (334) 834-3172

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Douglas M. Bates**
batesatty@graceba.net

**John David Collins**
jcollins@mcglaw.com

**Clifford Wayne Jarrett**
cliffordjarrett@aol.com

**Joseph E. Stott**
jstott@sssandf.com lyoungblood@sssandf.com

**Thomas Werth Thagard, III**
tthagard@mcglaw.com


    s/ George W. Walker, III
OF COUNSEL