IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK AND ) <br> BARBARA E. CLARK, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMSOUTH MORTGAGE COMPANY, INC., ) <br> DOVENNUEHLE MORTGAGE INC., GEOTRAC ) <br> INFORMATION SYSTEM SPECIALIST, and ) <br> EMPIRE FIRE AND MARINE INSURANCE ) <br> COMPANY, ) <br>     Defendants. ) | Civil Action Number <br> 1:05-cv-00747-VPM |

## ANSWER

      **COMES NOW** Geotrac, Inc., incorrectly designated in the Plaintiff's Complaint as Geotrac Information Systems Specialist (hereinafter referred to as "Geotrac") and by way of answer to the Plaintiff's Complaint states as follows:

    1.    The allegations of paragraph 1 of the Plaintiff's Complaint do not appear to be directed at this Defendant and therefore do not require a response. To the extent that said allegations are directed at this Defendant, the same are denied.

    2.    This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 2 and therefore demands strict proof thereof.

    3.    The allegations of paragraph 3 of the Plaintiff's Complaint do not appear to be directed at this Defendant therefore do not require a response.

    4.    The allegations of paragraph 4 of the Plaintiff's Complaint do not appear to

be directed at this Defendant therefore do not require a response.

5. The allegations of paragraph 5 of the Plaintiff's Complaint do not appear to be directed at this Defendant therefore do not require a response.

6. This Defendant admits that the entity referred to in the Plaintiff's Complaint as Geotrac Information Systems Specialists was, at the times referenced in the Complaint, an Illinois corporation doing business in the State of Illinois. The remaining allegations of paragraph 6 of the Plaintiff's Complaint are denied.

7. The allegations of paragraph 7 of the Plaintiff's Complaint do not appear to be directed at this Defendant therefore do not require a response.

8. The allegations of paragraph 8 of the Plaintiff's Complaint do not appear to be directed at this Defendant therefore do not require a response.

9. The allegations of paragraph 9 of the Plaintiff's Complaint do not appear to be directed at this Defendant therefore do not require a response.

10. This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 10 and therefore demands strict proof thereof.

11. This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 11 and therefore demands strict proof thereof.

12. This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 12 and therefore demands strict proof thereof.

13. The Defendant admits that Geotrac advised Dovenmuehle that a structure

which was located on the parcel of land made the subject of a flood certification performed by Geotrac was located in Flood Zone A. To the extent that any further allegations to paragraph 13 of the Plaintiff's Complaint are directed at this Defendant, the same are denied.

14. The Defendant is without sufficient information to admit or deny the allegations of paragraph 14 and therefore demands strict proof thereof.

15. The Defendant is without sufficient information to admit or deny the allegations of paragraph 15 and therefore demands strict proof thereof.

16. The Defendant is without sufficient information to admit or deny the allegations of paragraph 16 and therefore demands strict proof thereof.

17. The Defendant is without sufficient information to admit or deny the allegations of paragraph 17 and therefore demands strict proof thereof.

18. The Defendant is without sufficient information to admit or deny the allegations of paragraph 18 and therefore demands strict proof thereof.

19. The Defendant is without sufficient information to admit or deny the allegations of paragraph 19 and therefore demands strict proof thereof.

20. The Defendant is without sufficient information to admit or deny the allegations of paragraph 20 and therefore demands strict proof thereof.

21. The Defendant is without sufficient information to admit or deny the allegations of paragraph 21 and therefore demands strict proof thereof.

22. The Defendant is without sufficient information to admit or deny the allegations of paragraph 22 and therefore demands strict proof thereof.

23. The Defendant admits that on or about the date in question, Geotrack agreed that one of the structures located on the parcel made the subject of the flood zone determination was located outside of Flood Zone A. The remaining allegations of paragraph 23 of the Plaintiff's Complaint are denied.

24. The Defendant is without sufficient information to admit or deny the allegations of paragraph 24 and therefore demands strict proof thereof.

25. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

26. The allegations in paragraphs 26 do no appear to be directed to this Defendant and therefore do not require a response.

27. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

28. To the extent that paragraph 28 are directed to this Defendant, the same are denied.

29. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

30. To the extent that the allegations of paragraph 30 are directed at this Defendant, the same are denied.

31. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

32. To the extent that the allegations of paragraph 32 are directed at this Defendant, the same are denied.

33. Denied.

34. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

35. The Defendant admits, upon information and belief, that Geotrac contracted with Dovenmuehle to perform a flood zone determination with respect to a specific parcel of land, and that Geotrac correctly determined that a structure located on that parcel of land was located in Flood Zone A as defined by the Federal Emergency Management Agency. The further admits, upon information and belief, that said information was provided to Dovenmuehle. The remaining allegations of paragraph 35 of the Plaintiff's Complaint are denied.

36. Denied.

37. Denied.

38. Denied.

39. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

40. To the extent that the allegations of paragraph 40 directed to this Defendant,

the same are denied.

 41. Denied.

 42. Denied.

 43. Denied.

 44. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

 45. The allegations of paragraph 45 of the Plaintiff's Complaint do no appear to be directed at this Defendant and therefore do not require a response.

 46. The allegations of paragraph 46 of the Plaintiff's Complaint do no appear to be directed at this Defendant and therefore do not require a response.

 47. The allegations of paragraph 47 of the Plaintiff's Complaint requires a legal conclusion and therefore does not require a response. To the extent that any response is required, the defendants is without sufficient information to admit or deny the said allegations.

 48. The allegations of paragraph 48 of the Plaintiff's Complaint do not appear to be directed to this Defendant and therefore do not require a response.

 49. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

 50. The allegations of paragraph 50 of the Plaintiff's Complaint do not appear to be directed at this Defendant and therefore do not require a response.

51. The allegations of paragraph 51 of the Plaintiff's Complaint do not appear to be directed at this Defendant and therefore do not require a response.

## **DEFENSES**

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. The allegations in the Complaint against this Defendant are untrue.

3. The damages asserted on behalf of the Plaintiffs are the result of an intervening and/or superceding cause.

4. The Complaint fails to plead fraud with specificity as required of Rule 9(b) of the *Alabama Rules of Civil Procedure*.

5. The claims against this Defendant are barred by the applicable statute of limitations.

6. Imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama. Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award or the amount of such damages; therefore this Defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution separately and severally.

7.      Plaintiff's claims may be subject to binding arbitration and therefore should be dismissed.

8.      The Defendant pleads improper venue.

9.      This Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

10.     The Defendant pleads insufficiency of process.

11.     The Defendant pleads insufficiency of service of process.

12.     To award punitive damages against this Defendant in this cause would violate the Contracts Clause of Article I, § 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations arising out of the transaction between the Plaintiffs and these Defendants.

13.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern an award, and the amount of the award, of punitive damages, this Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I §§ 1, 6, and 22 of the Alabama Constitution separately and severally.

14.     In the event and to the extent that the award of punitive damages or the amount of the award of punitive damages under present Alabama practice and procedure

is deemed to be governed by *Alabama Code* § 6-11-20, then and to that extent, said Section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds numerated and set forth in the foregoing paragraphs.

15. The demand for punitive damages in this case is subject to those limitations established by the Alabama Legislature set for in Section 6-11-21 of the *Alabama Code*. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature as to punitive damages.

16. Multiple punitive damage awards potentially may be assessed against this Defendant in violation of the Constitutions of the United States and of the State of Alabama, in violation of this Defendant's rights to due process and to a jury trial, and in violation of this Defendant's rights against double jeopardy.

17. This Defendant denies any misstatement of material fact to the Plaintiffs.

18. This Defendant denies any reasonable or justifiable reliance by the Plaintiffs on any alleged material misrepresentations.

19. If the representative made by this Defendant were untrue, this Defendant was not aware of the fact at the time said representations were allegedly made.

20. Plaintiffs' own actions or inactions caused or contributed to their damages.

21. This Defendant breached no duty owed to Plaintiffs.

22. Plaintiffs' claims are barred by the merger doctrine and parole evidence rule.

23. Plaintiffs' claims are barred in whole or in part because of comparative and/or contributory negligence.

24. Plaintiffs have failed to mitigate their damages.

25. Plaintiffs claims are barred by the doctrines of latches, waiver and estoppel.

27. The Plaintiff's claims are barred by federal law.

28. The Plaintiff's claims are barred by the Flood Insurance Act.

29. The Defendant hereby adopts and incorporates by reference any and all defenses or affirmative defenses pled by any other Defendant in this action.

30. The Defendant hereby reserves the right to add any additional defenses as needed.

Respectfully submitted,

*s/Joseph E. Stott*
ASB-4163-T71J
Attorneys for Defendant Geotrac, Inc.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: jstott@sssandf.com Email Joseph Stott

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ARTHUR EARL CLARK AND  ) | |
| BARBARA E. CLARK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | 1:05-cv-00747-VPM |
| AMSOUTH MORTGAGE COMPANY, INC., ) | |
| DOVENNUEHLE MORTGAGE INC., GEOTRAC ) | |
| INFORMATION SYSTEM SPECIALIST, and ) | |
| EMPIRE FIRE AND MARINE INSURANCE ) | |
| COMPANY, ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>September 1, 2005</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Douglas M. Bates, Esq.  
Clifford W. Jarrett, Esq.  
424 South Oates Street, Suite 1  
Dothan, AL 36301  

Thomas W. Thagard, III, Esq.  
John David Collins, Esq.  
Maynard, Cooper & Gale, P. C.  
1901 Sixth Avenue North  
2400 AmSouth/Harbert Plaza  
Birmingham, AL 35203-2602  

George W. Walker, III, Esq.  
Copeland, Franco, Screws & Gill  
444 S. Perry Street  
Montgomery, Alabama 36104  

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: _____.

Respectfully submitted,

*s/Joseph E. Stott*
ASB-4163-T71J
Attorneys for Defendant Geotrac, Inc.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: jstott@sssandf.com Email Joseph Stott