**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| ARTHUR EARL CLARK and wife, | * | |
| BARBER E. CLARK, | * | |
| | * | |
| Plaintiffs, | * | CIVIL ACTION NO. |
| | * | 1-05cv747-T |
| v. | * | |
| | * | |
| AMSOUTH MORTGAGE COMPANY, | * | |
| INC., a corporation, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF SERVICE OF INITIAL DISCLOSURES**

COMES NOW THE PLAINTIFFS, through their undersigned Attorneys of Record and serve notice of providing the following initial disclosures as required by Rule 26 (a) (1), *Federal Rules of Civil Procedure*, on the date and in the manner indicated below.

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

    a. Arthur Earl Clark, Plaintiff through the undersigned attorney, Information as to all aspect of the claims.

    b. Barber E. Clark, Plaintiff through the undersigned

      attorney, Information as to all aspect of the claims.

  c. Jacqueline King, PO Box 1150, Dothan AL 36302 (334)712-7326. For impeachment.

2. Copies of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Copies of all documents listed below are attached as indexed. Mortgage statements dated January 3, 2003 to date, which should also be in the possession of Defendant Amsouth Bank, may also be used and will be provided upon request.

| Date of document | Description of documents: |
|---|---|
| August 24. 1988 | Mortgage and note |
| not dated | Page from credit report |
| January 22, 2003 | Credit line established paperwork |
| June 10, 2003 | Letter request flood insurance information |
| June 17, 2003 | Flood Insurance Warning Notice |
| June 17, 2003 | Flood Insurance Reminder |
| July 07, 2003 | FEMA Standard Flood Hazard Determination |
| August 5, 2003 | Flood Policy Notice |

| | |
|---|---|
| August 5, 2003 | Flood Insurance Policy |
| Sept. 25, 2003 | Notice of Flood Insurance Requirement |
| October 28, 2003 | Letter to bank and restricted check |
| December 26, 2003 | Re-evaluation of flood certification |
| March 08, 2004 | Notice of Default |
| March 08, 2004 | Letter of delinquent account |
| April 02, 2004 | Letter ref. Delinquencies |
| April 02, 2004 | Letter ref. Pre-foreclosure sale |
| April 08, 2004 | Notice of Default |
| April 13, 2004 | FEMA letter/maps |
| April 26, 2004 | Flood renewal Notice |
| April 30, 2004 | Notice of Flood Insurance Requirements |
| May 04, 2004 | Foreclosure letter |
| May 04, 2004 | Letter from Geotrac |
| May 05, 2004 | Demand for additional payment |
| May 06, 2004 | Notice of Default |
| May 17, 2004 | FEMA Elevation Form |
| May 28, 2004 | Fax from Geotrac |
| May 28, 2004 | Hazard determination |
| May 28, 2004 | Letter from Amsouth |
| June 04, 2004 | Notification of cancellation of flood Ins. |
| June 09, 2004 | Notice of Default |

3.  A computation of any category of damages claimed by the

    disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Computation of compensatory damages is not yet complete as some of the damages are ongoing. Said damages consist of all late fees, additional fees and additional interest added to the account over that of the original amortization schedule.

4.   There are no insurance agreements in our possession under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    Respectfully submitted: September 16, 2005.

        /s/ Clifford W. Jarrett
        Douglas M. Bates
        Clifford W. Jarrett
        Attorneys for Plaintiffs
        424 South Oates Street Suite 1
        Dothan, AL 36301

**CERTIFICATE OF SERVICE**

    IT IS HEREBY CERTIFIED that service of the foregoing has this 16th day of September, 2005, been made by depositing copies thereof, first class postage prepaid, in the United States mail addressed to the following:

```
Thomas W. Thagard, III and/or John David Collins
Attorneys for Defendants Dovenmuehle Mortgage, Inc. and
AmSouth Bank
OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602

Joseph E. Stott
Attorney for Defendant Geotrac Information Systems Specialist
OF COUNSEL:
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244

George W. Walker, III
Attorney for Empire Fire and Marine Insurance Company
OF COUNSEL:
COPELAND, FRANCO, SCREWS & GILL
444 S. Perry Street
Montgomery, Alabama  36104
```

/s/ Clifford W. Jarrett
CLIFFORD JARRETT
Of Counsel