## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARTHUR EARL CLARK AND** | ) | |
| **BARBARA E. CLARK,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER** |
| | ) | **1:05-cv-00747-VPM** |
| | ) | |
| **AMSOUTH MORTGAGE COMPANY, INC.,** | ) | |
| **DOVENMUEHLE MORTGAGE INC.,** | ) | |
| **GEOTRAC INFORMATION SYSTEM** | ) | |
| **SPECIALIST, and EMPIRE FIRE AND** | ) | |
| **MARINE INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED ANSWER OF DOVENMUEHLE MORTGAGE, INC. TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle" or "Defendant"), and files this Amended Answer to Plaintiffs' Complaint. Unless expressly admitted herein, Dovenmuehle denies the material allegations of the Complaint and demands strict proof thereof. Dovenmuehle responds to the numbered allegations of the Complaint as follows:

### NATURE OF THE ACTION

1. The contents of this paragraph constitute legal theories and conclusions to which no response is required.

### STATEMENT OF THE PARTIES

2. Upon information and belief, Dovenmuehle admits the allegations of this paragraph.

3.     The allegations of this paragraph do not assert facts and claims relating to Dovenmuehle and do not appear to require a response from this Defendant.  To the extent that a response may be deemed to be required, Dovenmuehle is without sufficient information at this time to either admit or deny the same.

4.     Dovenmuehle admits that it is a Delaware corporation with its principal place of business in Schaumburg, Illinois.  Dovenmuehle further admits that it is qualified to do business in Alabama.

5.     The allegations of this paragraph do not assert facts and claims relating to Dovenmuehle and do not appear to require a response from this Defendant.  To the extent that a response may be deemed to be required, Dovenmuehle is without sufficient information at this time to either admit or deny the same

6.     The allegations of this paragraph do not assert facts and claims relating to Dovenmuehle and do not appear to require a response from this Defendant.  To the extent that a response may be deemed to be required, Dovenmuehle is without sufficient information at this time to either admit or deny the same

7.     The allegations of this paragraph do not require a response as there is no fictitious party practice in Federal Court.

8.     The allegations of this paragraph do not require a response as there is no fictitious party practice in Federal Court.

9.     The allegations of this paragraph do not require a response as there is no fictitious party practice in Federal Court.

1218105

## STATEMENT OF THE FACTS

10.     In response to allegations of this paragraph, Dovenmuehle, upon information and belief, admits that Plaintiffs obtained a mortgage loan on or about August 24, 1988, but states that the applicable note and mortgage speak for themselves.

11.     In response to the allegations of this paragraph, Dovenmuehle states that, at some point in time, the mortgage loan was sold or assigned to AmSouth.   In further response, Dovenmuehle states that, at some point in time, it began to subservice the mortgage loan.  Unless expressly admitted herein, Dovenmuehle denies the remaining material allegations of this paragraph and demand strict proof thereof.

12.     Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

13.     Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except to the state the referenced correspondence speaks for itself.   To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

14.     Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

15.    Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  To the extent that those allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

16.    Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except to state that the referenced correspondence speaks for itself.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

17.    In response to the allegations of this paragraph, Dovenmuehle admit that, on or about August 13, 2003, flood insurance was purchased to protect the collateral secured by Plaintiffs' mortgage loan.  Unless expressly admitted herein, Dovenmuehle denies the remaining material allegations of this paragraph and demand strict proof thereof.

18.    Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

19.    Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

20.    Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except to state that the referenced default

1218105

notice and correspondence speak for themselves. To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

21. Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except to state the referenced default notice and correspondence speak for themselves. To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

22. Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except to state that the referenced correspondence speaks for itself. To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

23. Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

24. Dovenmuehle does not have knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except to state the referenced correspondence speaks for itself. To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

1218105

## COUNT I – BREACH OF CONTRACT

25.    Dovenmuehle adopts and incorporates its responses in paragraphs 1-24 as if fully set forth herein.

26.    Dovenmuehle denies the allegations of this paragraph, including subparts a-e therein, and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 26 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

## COUNT II – UNJUST ENRICHMENT

27.    Dovenmuehle adopts and incorporates its responses in paragraphs 1-26 as if fully set forth herein.

28.    Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 28 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

## COUNT III – CONVERSION

29.    Dovenmuehle adopts and incorporates its responses in paragraphs 1-28 as if fully set forth herein.

30.    Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 30 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

1218105

## COUNT IV – NEGLIGENCE

31.    Dovenmuehle adopts and incorporates its responses in paragraphs 1-30 as if fully set forth herein.

32.    Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

33.    Dovenmuehle denies the allegations of this paragraph directed against it, including subparts a-g therein, and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 33 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

## COUNT V – BREACH OF DUTY TO THIRD PARTY BENEFICIARY

34.    Dovenmuehle adopts and incorporates its responses in paragraphs 1-33 as if fully set forth herein.

35.    The allegations of this paragraph do not assert facts and claims relating to Dovenmuehle and do not appear to require a response from this Defendant.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

36.    The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

37.     The allegations of this paragraph do not assert facts and claims relating to Dovenmuehle and do not appear to require a response from this Defendant.  To the extent that

the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

38.     The allegations of this paragraph (including its subparts) do not assert facts and claims relating to Dovenmuehle and do not appear to require a response from this Defendant.  To the extent that the allegations suggest, explicitly or implicitly, that Dovenmuehle has taken any action that would impose liability on Dovenmuehle, those allegations are specifically denied.

In response to the unnumbered WHEREFORE clause following paragraph 38 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

## COUNT VI – FRAUD

39.     Dovenmuehle adopts and incorporates its responses in paragraphs 1-38 as if fully set forth herein.

40.     Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

41.     Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

42.     Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

43.     Dovenmuehle denies the allegations of this paragraph directed against it and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 43 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

1218105

## COUNT VII –FAIR CREDIT REPORTING ACT

44. Dovenmuehle adopts and incorporates its responses in paragraphs 1-43 as if fully set forth herein.

45. Dovenmuehle denies the allegations of this paragraph and demands strict proof thereof.

46. Dovenmuehle denies the allegations of this paragraph and demands strict proof thereof.

47. The allegations of this paragraph constitute legal conclusions to which no response is required.

48. Dovenmuehle denies the allegations of this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 48 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

## COUNT VIII –FAIR DEBT COLLECTION PRACTICES ACT

49. Dovenmuehle adopts and incorporates its responses in paragraphs 1-48 as if fully set forth herein.

50. Dovenmuehle denies the allegations of this paragraph and demands strict proof thereof.

51. Dovenmuehle denies the allegations of this paragraph and demands strict proof thereof.

In response to the unnumbered WHEREFORE clause following paragraph 51 of the Complaint, Dovenmuehle denies that Plaintiffs are due the relief sought or any relief whatsoever.

1218105

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

### Second Defense

Defendant pleads the defense of judicial estoppel.

### Third Defense

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### Fourth Defense

Plaintiffs have failed to mitigate their allegedly incurred injury and damages.

### Fifth Defense

Plaintiffs have suffered no damages as a result of the matters alleged in the Complaint.

### Sixth Defense

Plaintiffs have not been legally harmed in any way by any action or inaction of Defendant.

### Seventh Defense

All or part of Plaintiffs' alleged damages were not proximately caused by any alleged acts or omissions properly attributable to Defendant.

### Eighth Defense

Any damages allegedly sustained by Plaintiffs were caused, in whole or in part, by Plaintiffs' own negligence, failure to perform adequate due diligence, or other intervening or

1218105

supervening causes over which Defendant had no control and which cannot be the basis for any liability of Defendant.

### Ninth Defense

Defendant did not accidentally, negligently, recklessly or intentionally mislead, or make any misrepresentation, or fail to make any disclosure that it was obligated to make.

### Tenth Defense

Plaintiffs did not rely or reasonably rely on any representations made to them by Defendant.

### Eleventh Defense

Plaintiffs have failed to state the circumstances of fraud with the specificity required by Fed. R. Civ. P. 9(b).

### Twelfth Defense

Defendant acted in good faith at all times, and did not accidentally, negligently, recklessly, knowingly or willfully commit any act or directly or indirectly induce any act that created any liability to Plaintiffs.

### Thirteenth Defense

Defendant acted in good faith and in reliance on information furnished by others at all times relevant to this action.

### Fourteenth Defense

The injury to Plaintiffs, if any, was caused by the conduct of others over whom Defendant had no control and/or for whose acts or omissions Defendant is not liable.

1218105

## Fifteenth Defense

Plaintiffs' claims are barred by assumption of risk.

## Sixteenth Defense

Defendant avers that Plaintiffs' claims against it are barred by the doctrines of contributory negligence, release and/or estoppel.

## Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, by their failure to timely make mortgage payments in accordance with his contractual obligations.

## Eighteenth Defense

Plaintiffs' claims are barred by unclean hands and a failure to do equity.

## Nineteenth Defense

Plaintiffs' claims are barred by the doctrine of merger.

## Twentieth Defense

Plaintiffs' claims are barred, in whole or in part, by the parole evidence rule.

## Twenty-First Defense

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## Twenty-Second Defense

Plaintiffs' claims are barred by the doctrine of failure of consideration.

## Twenty-Third Defense

Plaintiffs' claims are barred by the doctrine of laches.

## Twenty-Fourth Defense

Plaintiffs' claims are barred by the doctrine of waiver.

1218105

**Twenty-Fifth Defense**

All of Defendant's actions were lawful and justified.

**Twenty-Sixth Defense**

Defendant avers that Plaintiffs' claims against it are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, lack of standing and failure to read.

**Twenty-Seventh Defense**

Defendant asserts the affirmative defense of set-off.

**Twenty-Eighth Defense**

The challenged payments and advancements were fully disclosed to Plaintiffs, and therefore cannot form a basis for an action.

**Twenty-Ninth Defense**

Plaintiffs' claims fail because all or parts of the state law claims alleged in the Complaint are preempted by applicable federal law.

**Thirtieth Defense**

To the extent Plaintiffs seek to recover them from Defendant, Plaintiffs cannot recover damages for alleged mental anguish or emotional distress because Plaintiffs cannot allege or prove that they have sustained a physical injury as a result of Defendant's alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

**Thirty-First Defense**

To the extent Plaintiffs seek to recover damages for alleged mental pain and suffering from Defendant, the rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

1218105

**Thirty-Second Defense**

To the extent they seek to do so from Defendant, Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

**Thirty-Third Defense**

To the extent Plaintiffs seek mental anguish damages from Defendant, a jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

**Thirty-Fourth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, Defendant denies it has have been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allow Plaintiffs to recover punitive damages.

**Thirty-Fifth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving

14

malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code §
6-11-27 (1993).

### Thirty-Sixth Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, old Ala. Code
§ 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of
$250,000, which the Alabama Legislature has established as the outer limit of reasonableness for
awards of punitive damages as a matter of public policy in this state.  The Alabama Supreme
court acted beyond its scope of authority and violated the separation of powers clause of the
United States Constitution and/or the Alabama Constitution in striking down this legislative
mandate, and therefore, its action was unconstitutional and without effect.  Allowing an award in
excess of this legislative cap directly contravenes the express public policy of the State of
Alabama.

### Thirty-Seventh Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, new Ala. Code
§ 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed the
greater of three times Plaintiffs' compensatory damages or $500,000, which the Alabama
Legislature has established as the outer limit of reasonableness for awards of punitive damages
as a matter of public policy in this state.  The public policy of this State, as established by Ala.
Code  § 6-11-21 limits the claims for punitive damages in this case.  Allowing an award in
excess of this legislative cap directly contravenes the express public policy of the State of
Alabama.

## **Thirty-Eighth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## **Thirty-Ninth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, Plaintiffs' claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

1218105

**Fortieth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

**Forty-First Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being subject to other judgments awarded with the goal of punishing Defendant for the same wrong.  In effect, Defendant would receive multiple punishments for the same wrong.

**Forty-Second Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States

1218105

Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

### Forty-Third Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997).

### Forty-Fourth Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, the Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of pre-existing, express range of penalties established by the legislature.

### Forty-Fifth Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, the imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or

reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to Plaintiffs and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### Forty-Sixth Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### Forty-Seventh Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, a punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon Defendant's status as a large, out of state, corporate entity.

### Forty-Eighth Defense

To the extent Plaintiffs seek to recover punitive damages from Defendant, the imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

1218105

**Forty-Ninth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, Plaintiffs' claim for punitive damages against Defendant cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated in the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

**Fiftieth Defense**

To the extent Plaintiffs seek to recover punitive damages from Defendant, any award of punitive damages based on anything other than Defendant's conduct, if any, in connection with the specific services that are the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any judgment for damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.  *See Gore v. BMW of North America, Inc.*, 116 S.Ct. 1509 (1996).

**Fifty-First Defense**

Defendant pleads the defense of account stated.

**Fifty-Second Defense**

Plaintiffs lack standing or capacity to assert their claims, in whole or in part.

1218105

**Fifty-Third Defense**

Defendant is not guilty of the matters and things alleged in the Complaint.

**Fifty-Fourth Defense**

Defendant owed no affirmative legal obligation to specifically inform Plaintiffs of the things and matters alleged in the Complaint.

**Fifty-Fifth Defense**

Plaintiffs' alleged losses are subject to and barred by all of the terms and conditions of the mortgage agreement made the basis of this lawsuit.

**Fifty-Sixth Defense**

Defendant denies that it or any of its agents breached any duty or obligations allegedly owed to Plaintiffs.

**Fifty-Seventh Defense**

Plaintiffs' claims are barred, in whole or in part, by his voluntary payment of the sums at issue.

**Fifty-Eighth Defense**

Plaintiffs' claims under 15 U.S.C. § 1692(a) et seq. are barred because Defendant is not a debt collector or creditor within the meaning of the statute, or is otherwise exempt from the statute.

**Fifty-Ninth Defense**

Plaintiffs' claims under 15 U.S.C. § 1692(a) et seq. are barred because violations of that statute, if any existed, were unintentional and resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adopted to avoid such error.

21

1218105

**Sixtieth Defense**

Plaintiffs' claims are barred by their prior breach of contract.

**Sixty-First Defense**

Plaintiffs signed loan documents that fully informed them of all material facts bearing on their loan transaction; thus, Defendant cannot be found liable for any alleged misrepresentations or suppressions arising from those transactions.

**Sixty-Second Defense**

Defendant pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to any and all claims made against Defendant that fall within any arbitration provision contained in any applicable contract or agreement.  This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

**Sixty-Third Defense**

All of Plaintiffs' state law claims are preempted by 15 U.S.C. § 1681h(e), and Defendant is entitled to qualified immunity pursuant to that same section of the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681h(e); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *see also Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 931 (N.D. Ill. 2000).

**Sixty-Fourth Defense**

Plaintiffs' claims are preempted and/or barred by 15 U.S.C. § 1681 et seq.

**Sixty-Fifth Defense**

Plaintiffs' claims are preempted or otherwise barred by 15 U.S.C. § 1692 et seq.

1218105

### Sixty-Sixth Defense

Any act or omission was made in good-faith conformity with applicable rules, regulations, and/or interpretations by the United States Department of Housing and Urban Development and is, therefore, not actionable.

### Sixty-Seventh Defense

Defendant did not obtain by any improper means any of Plaintiffs' property.

### Sixty-Eighth Defense

Defendant did not convert any of Plaintiffs' property for its own use or benefit.

### Sixty-Ninth Defense

Plaintiffs' claims are barred by the National Flood Insurance Act, 42 U.S.C. § 4001 et seq.

### Reservation of Defenses

Defendant respectfully reserves the right to assert other defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this civil action.

s/ John David Collins
Thomas W. Thagard III
John David Collins

Attorneys for Defendant Dovenmuehle Mortgage, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

1218105

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DOUGLAS M. BATES
CLIFFORD W. JARRETT
424 SOUTH OATES STREET SUITE 1
DOTHAN, AL 36301

JOSEPH E. STOTT
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 VALLEYDALE ROAD
P.O. BOX 380548
BIRMINGHAM, AL 35244

GEORGE W. WALKER, III
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 SOUTH PERRY STREET
MONTGOMERY, AL 36014

s/ John David Collins
OF COUNSEL

24

01215128.1