**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

```
ARTHUR EARL CLARK and wife,      *
BARBER E. CLARK,                 *
                                 *
     Plaintiffs,                 *   CIVIL ACTION NO.
                                 *   1-05CV747-MHT-VPM
     v.                          *
                                 *
AMSOUTH MORTGAGE COMPANY,        *
INC., a corporation,             *
et al.,                          *
                                 *
     Defendants.                 *
```

**PLAINTIFFS' MEMORANDUM
OF AUTHORITIES IN OPPOSITION TO
<u>DEFENDANT GEOTRAC'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs, by counsel, respectfully submit their Memorandum of Authorities in Opposition to Geotrac's Motion for Summary Judgment.

Plaintiff originally filed an eight count complaint in the Alabama State Court which was removed by Defendants to the United States District Court. The counts are; COUNT I(Breach of Contract), COUNT II(Unjust Enrichment), COUNT III (Conversion), COUNT IV(Negligence), COUNT V(Breach of Duty to Third Party Beneficiary), COUNT VI(Fraud), COUNT VII(Violation of Fair Credit Reporting Act) and COUNT VIII(Violation of the Fair Debt Collection Practices Act).

The arguments of Defendant Geotrac concerning Counts II (Unjust Enrichment), III (Conversion), VII (Violation of Fair

Credit Act) and VIII (Violation of Fair Debt collection Practices Act) are well taken and Plaintiffs DO NOT DISPUTE Geotrac'S assertions as to these counts as they pertain to Geotrac. Plaintiffs further respond to said Motion for Summary Judgment as to the remaining counts as follows:

Plaintiff renew their claim that Defendant Geotrac's Motion for Summary Judgment is premature, and is due to be denied. (This motion is still pending and has ben set for oral argument.) Plaintiffs have not concluded discovery. The deadline for completion of discovery is July 26, 2006. Furthermore, Geotrac has failed to identify any witnesses (expert or otherwise) as required by Rule 26, *Federal Rules of Civil Procedure*. Plaintiffs further aver Defendant Geotrac has failed to comply with this Court's order dated 09/19/2006 which directs, "The parties shall comply fully with all requirements of Rule 26(a)(2)in regard to disclosure of expert testimony." Defendant Geotrac has not provided any disclosures concerning any experts or their qualifications and thus Plaintiffs have not had the opportunity to make discovery concerning any knowledge and/or ability of said expert.

Defendant Geotrac's Motion for Summary Judgment included a document entitled "Affidavit of Mark Schnellinger" in which expert testimony is presented without laying a proper foundation as to the qualifications of the affiant. That affidavit attempts

to introduce hearsay, speculation and subjective belief in contravention of Rule 56(e) of the *Federal Rules of Civil Procedure*. In *Government Street Lumber Co., Inc. V. AmSouth Bank, N.A.,* 553 So.2d 68, 78 (Ala. 1989) the court states,

> Any evidence, offered in opposition or response to a motion for summary judgment, in the form of affidavits or otherwise, must present facts that would be admissible at trial, *Griffin v. Little,* 451 So.2d 284 (Ala.1984), and must be based on personal knowledge. *Butler v. Michigan Mutual Ins. Co.,* 402 So.2d 949 (Ala.1981). Speculation and subjective beliefs are not the equivalent of personal knowledge and do not satisfy the requirement of Rule 56(e), A.R.Civ.P. *Hall v. Harris,* 504 So.2d 271 (Ala.1983). Moreover, matters based upon information and belief are essentially hearsay and thus are insufficient to support a motion for summary judgment. *Welch v. Houston County Hospital Board,* 502 So.2d 340 (Ala.1987). See *Harding v. Bethesda Regional Cancer Treatment Center,* 551 So.2d 299 (Ala.1989).

Geotrac's Narrative Statement of Undisputed Facts contain several allegations that are in dispute. On page 2 Geotrac relies on the Deposition of Earl Clark as to what FEMA and Houston County tax maps reflect. Mr. Clark is not an expert in these fields and is not qualified to make such determinations. In follow up questions Mr. Clark stated he was not sure of that information. (See Deposition of Earl Clark at pages 277 and 287, attached as Exhibit "A").

Geotrac would have this Court believe, as stated in the first sentence of the last paragraph on page 2 of its motion, that plaintiffs' home was in a flood zone because there was "a

structure . . . located in a flood zone." Further, it would have the Court believe that the FEMA and Houston County maps were in error. The maps were never in error. The error was in Geotrac's interpretation of the events depicted on the maps. Because there were two structures on the map, one in a flood zone and one quite obviously not, Geotrac negligently identified Plaintiffs' home as the one *in* the flood zone and so informed AmSouth and/or Dovennuehle. Yes, Mr. Clark immediately recognized his house was not in a flood zone. No, it was not immediately corrected. It was corrected only after the passage of more than two years of hard work, mental anguish and near financial ruin of the Clark family. (See plaintiffs' Answers to Interrogatories to Geotrac, attached as Exhibit "B".)

Geotrac's assertion that "as a result of the errors on the FEMA map, Mr. and Mrs. Clark have now sued Geotrac and others" is not supported by any evidence and incorrectly identifies the premise under which these claims have been brought. It ignores the State causes of actions as well as those brought under the Truth in Lending Act and Fair Debt Collection Practices Act.

Geotrac's submission concerning the Standard of Review is not being contested. However, Plaintiff relies on *Custer v. Homeside Leasing, Inc.*, 858 So. 2d 233, 241 (Ala. 2003) for the proper balance of the standard which stated, The "Court must review the record in a light most favorable to the nonmovant and

must resolve all reasonable doubts against the movant". In *Allstate Insurance Co. V. Eskridge*, 823 So.2d 1254, 1258,(Ala, 2001) the court explained this balance and cited several other cases in great detail and held,

> Our standard for review of a trial court's ruling on a motion for a judgment as a matter of law is settled: "When reviewing a ruling on a motion for a judgment as a matter of law, this Court uses the same standard the trial court initially used in granting or denying the motion. *Palm Harbor Homes, Inc. v. Crawford,* 689 So.2d 3 (Ala.1997). Regarding questions of fact, the ultimate question is whether the nonmovant has presented substantial evidence to allow the factual issue to be submitted to the jury for resolution. *Carter v. Henderson,* 598 So.2d 1350 (Ala.1992). See also § 12-21-12, Ala. Code 1975, and *West v. Founders Life Assurance Co. of Florida,* 547 So.2d 870 , 871 (Ala.1989). A motion for a judgment as a matter of law 'is properly denied where there exists any conflict in the evidence for consideration by the jury.' *Cloverleaf Plaza, Inc. v. Cooper & Co.,* 565 So.2d 1147 , 1149 (Ala.1990). 'In reviewing a ruling on a motion for a [judgment as a matter of law], this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences from that evidence as the jury would have been free to draw.' *Daniels v. East Alabama Paving, Inc.,* 740 So.2d 1033 , 1037 (Ala.1999).

Plaintiffs again state there exists a genuine issue of material fact and further defends that position as follows:

Plaintiffs do not rely on any federal remedy, code, rule or regulation as a basis for their remaining claims against Geotrac. The purpose of the National Flood Insurance Act, as defined in 42 U.S.C. § 4001 is to provide a federally subsidized flood insurance program for the benefit of the public. In footnote 1 to

*Custer v. Homeside Leasing, Inc.*, *Ibid*. the court addresses this issue and states, "The National Flood Insurance Act, 42 U.S.C. § 4001 et seq., requires homeowners with mortgages on property in designated flood zones to carry flood insurance on that property. It also authorizes a mortgagee, in the event the mortgagor fails to procure flood insurance on his or her own accord, to obtain flood insurance for the mortgaged property and to charge the cost back to the mortgagor, thereby 'force-placing' the insurance." The act does not grant immunity to the lender or its agents for acts that would be considered a crime or a tort under state or federal law. Geotrac quotes *Custer v. Homeside Lending, Inc.* Ibid at page 244 but omitted the following from that case, "The court concluded that no implied federal private cause of action existed **under the circumstances of the case**. [Emphasis added] . . . the "primary purpose" of the flood-program legislation is to reduce the massive burden on the national treasury resulting from escalating federal expenditures for flood-disaster relief assistance." On the next page this Court continues its analysis by declaring, "When a court construes a statute, '[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says."  Plaintiff interprets this to mean, if congress wished to

establish immunity it would have expressly done so. The remaining claims have been recognized by Alabama statute or common law.

As to COUNT I(Breach of Contract) plaintiffs never claimed they were in a direct contractual relationship with Geotrac. Such a relationship is not required. "Alabama law is clear to the effect that one for whose benefit a valid contract has been made, although that person is not a party thereto and does not furnish any consideration therefor, may maintain an action on the contract against the promissor." *Harris V. the Board of Water and Sewer Commissioners of the City of Mobile, a Public Corporation*, 320 So.2d 624, 294 Ala. 606, 611. (Ala, 1975).

COUNT IV Negligence is based on Alabama common law, "A complaint for the breach of a contract in not performing the obligation there expressed, or not doing it in the way specified, is not in tort, and cannot be unless the non-performance is by reason of a failure to exercise the care required by law in attempting to perform. If defendant omits to enter upon the duty to perform, however negligent that might be, that is not a negligent performance and not a tort. But if he does undertake to perform, his performance may be negligent, giving rise to a tort. *Sloss Sheffield Steel & Iron Co. v. Wilkes,* 231 Ala. 511, 165 So. 764, 100 A.L.R. 385." *Harris v. The Board of Water and Sewer Commissioners of the City of Mobile, a Public Corporation*, supra.

Furthermore, the plaintiff need not establish to what degree each defendant acted to harm Plaintiffs. The Court in *Williams v. Woodman*, 424 So. 2d 611, 613 (Ala. 1982) stated, "The following rules of law are well settled and unchallenged: Where one is guilty of negligence and this negligence concurs or coalesces with the negligence of another, and the two combine to produce an injury, each is liable for the damages, and the negligence of each is considered the proximate cause of the injury producing the damages. *Aplin v. Dean,* 231 Ala. 320, 164 So. 737 (1935)".

As to COUNT V BREACH OF DUTY TO THIRD PARTY BENEFICIARY, a service agreement existed between Geotrac and Dovenmuehle Funding Inc. As this agreement was included as Exhibit "A" to Geotrac's Motion for Summary Judgment, we may infer its relevance to this case. Under the heading, "Duties of Geotrac" is listed "Provides Guarantees for accuracy of all FZDs," among other duties. The following language from Custer identifies the elements establishing a third-party-beneficiary entitlement.

> In support of their argument, the Custers refer the Court to *Holley v. St. Paul Fire & Marine Ins. Co.,* 396 So.2d 75 (Ala.1981). In that case, this Court, after considering the surrounding circumstances of the parties to the contract, as allowed by *Anderson v. Howard Hall Co.,* 278 Ala. 491, 179 So.2d 71 (1965), and *Zeigler v. Blount Brothers Construction Co.,* 364 So.2d

1163 (Ala.1978), concluded that a complainant could be a third-party beneficiary to a contract even though the complainant was not specifically considered in the contract.

To establish a claim of third-party-beneficiary entitlement, a claimant must show: "'"(1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) that the complainant was the intended beneficiary of the contract; and (3) that the contract was breached."'" *H.R.H. Metals, Inc. v. Miller,* 833 So.2d 18, 24 (Ala.2002) (quoting *McGowan v. Chrysler Corp.,* 631 So.2d 842, 848 (Ala.1993)). At the outset, we note that the Custers have not shown how the servicing agreement between Homeside and WNC, as opposed to the "Policy of Insurance Contract," applies to their case, in light of the fact that the Custers' policy was force-placed under the latter agreement. *Custer v. Homeside*, Ibid. p. 248.

Geotrac admitted in its amended answer filed in this case that it "advised Dovenmuehle that a structure which was located on the parcel of land made the subject of a flood certification performed by Geotrac was located in Flood Zone A. . . and that one of the structures located on the parcel of land made the

1163 (Ala.1978), concluded that a complainant could be a third-party beneficiary to a contract even though the complainant was not specifically considered in the contract.

To establish a claim of third-party-beneficiary entitlement, a claimant must show: "'"(1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) that the complainant was the intended beneficiary of the contract; and (3) that the contract was breached."'" *H.R.H. Metals, Inc. v. Miller,* 833 So.2d 18, 24 (Ala.2002) (quoting *McGowan v. Chrysler Corp.,* 631 So.2d 842, 848 (Ala.1993)). At the outset, we note that the Custers have not shown how the servicing agreement between Homeside and WNC, as opposed to the "Policy of Insurance Contract," applies to their case, in light of the fact that the Custers' policy was force-placed under the latter agreement. *Custer v. Homeside*, Ibid. p. 248.

Geotrac admitted in its amended answer filed in this case that it "advised Dovenmuehle that a structure which was located on the parcel of land made the subject of a flood certification performed by Geotrac was located in Flood Zone A. . . and that one of the structures located on the parcel of land made the

subject of a flood certification performed by Geotrac was located outside Flood Zone A." Geotrac also admitted a contract existed between Geotrac and defendant, Dovenmuehle, and under the terms of that contract Geotrac provided said information. The structure and parcel was identified by one or more of the defendants as being that of Plaintiffs', more specifically their home. It is undisputed that flood insurance was placed on this home against the expressed objections of the plaintiffs.

In *Harris v. Board of Water & Sewer Commissioners of the City of Mobile*, 320 So.2d 624, 294 Ala 606, 611 the court again states, "Alabama law is clear to the effect that one for whose benefit a valid contract has been made, although that person is not a party thereto and does not furnish any consideration therefor, may maintain an action on the contract against the promissor."

Next we address the basis for Plaintiffs' COUNT VI (FRAUD) "The elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Allstate Insurance Co. V. Eskridge*, Ibid. Plaintiffs have already established the misrepresentation that Plaintiffs' home was in a flood zone. Plaintiffs contend they would not have tendered the additional payments they made.

Plaintiffs were forced to make additional payments under protest, (See exhibit "C"). Plaintiffs also were forced to hire and pay experts to get the flood zone determination changed. (See Exhibit "D").

Geotrac's cases presented in support of its motion deal with three fact patterns: 1. Persons who suffer damages from floods that have not been identified and/or placed on notice that they are in a special hazard flood zone and are seeking to place the Government and/or lender in the place of an insurer; 2. Persons who are purchasing property in a special hazard flood zone who have force placed insurance and dispute the amount of coverage; and 3. Persons who rely on previous flood zone determinations to establish value of property and seek compensation from others due to their failure to notify the purchaser of the flood zone risk prior to purchase. Plaintiffs' case is not synonymous with any of the fact patterns in the cited cases. The case at bar deals with the issue of the force placing of flood insurance by a bank, with an affiliated insurance company based on a false and negligent assertion that the property was in a flood zone, by a contracted agent of the bank. Plaintiff's property is not, nor was it ever in a flood zone; therefore the provisions of the National Flood/Disaster Act, 42 U.S.C. § 4104(a), never come into play.

Geotrac relies heavily on cases from other Circuits and State Courts, primarily *Cruey v. First American Flood Data*

*Services, Inc.*, 174 F.Supp.2d 525 (E.D. Ky. 2001). The cases cited by Geotrac do not answer the issue at bar; *i.e.* Does the National Flood Insurance Program Act grant immunity to Lending Institutions and/or their third party contractual agents when they force place flood insurance on borrower's property based on negligent identification of that property as being in a designated special hazard flood zone? In the instant case, the defendants used the existence of a federal law to gain money from plaintiffs they had no right to. As all of the defendants are acting in conjunction with one another in this scheme and Plaintiffs are under no duty to identify to what degree any of the defendants acted as to the overall scheme. Each defendant can be held severally and individually liable for the injuries and damages they caused and/or to which they contributed. *Williams v. Woodman*, supra.

There are not any Eleventh Circuit cases on point. In *Gowens V. Stewart*, 2006 So.2d (1041341),(Ala. 2006)the Court dealt with the same general issue of whether conduct falls within the scope of a statute which would bestow absolute immunity. In that case as in this case, the defendant raised the defense of immunity.

> Actors whose conduct falls within the scope of § 26-14-9 are entitled to "absolute immunity." 585 So.2d at 886. However, "mere compliance with § 26-14-9 is not an automatic grant of immunity," because "allegations

> of injury or damage not related to the reporting of the suspected child abuse" are outside the scope of the statute. 585 So.2d at 886. See Harris v. City of Montgomery, 435 So.2d 1207 (Ala. 1983). ... The plaintiffs concede that § 26-14-9 could, under some circumstances, immunize DHR employees. They contend, however, that this is not such a case, because, they insist, they have not sued Gowens for reporting suspected child abuse, but for his alleged failure "to follow mandatory regulations and policies long after receiving reports of abuse from the hospital." Plaintiffs' brief, at 47. Thus, they contend, Gowens's conduct in this case is outside the scope of § 26-14-9. We agree.

*Gowens V. Stewart*, Ibid.

The conduct of Geotrac is not contemplated by the National Flood Insurance Act, and thus its conduct is outside any immunity deriving from the Act. Neither statutory nor case law grants unlimited immunity to these defendants. The claim that any defendant has a right under federal law to force place flood insurance only comes into existence when the subject property is in a flood zone. It does not create a shield for the extortion of persons such as these Plaintiffs. The cases cited by Geotrac limit their decisions to the specific fact patterns of each

respective case. Each case quoted by Geotrac precludes a private remedy/action when it is based on one of two issues. How the amount of insurance required and/or authorized by the act is determined; and, does the act cause the Bank or the Federal government to become an insurer against loses due to flooding or loss of property value by the property later being identified as being in a flood zone? In each of Geotrac's cited cases the plaintiffs therein cite the National Flood Act as the legal basis for their claims and remedies. It is clear Congress never expressly provided such immunity as asserted by Geotrac, and the Court is not at liberty to infer it.

Plaintiffs take exception to Geotrac's contention, "The Act expressly forbids actions of this nature against lenders." Geotrac has provided no evidence to support this conclusion.

> Certainly, a duty of care can arise from a statute ...." Carter v. Chrysler Corp., 743 So.2d 456 , 463-64 (Ala. Civ. App. 1998).
> 1. "A legal duty is 'an obligation arising from a contract of the parties or the operation of the law.' Black's Law Dictionary 804 (5th ed. 1979).
> 2. "A legal duty to exercise care, therefore, arises where the parties are bound by contract, Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala. 1987), or where the obligations are 'expressly or

>impliedly imposed by statute, municipal ordinance, or by administrative rules or regulations, or by judicial decisions.' 57 Am. Jur. 2d, Negligence § 36 at 382 (1988)."

King v. National Spa & Pool Inst., Inc., 570 So.2d 612 ,614 (Ala. 1990) (emphasis added). See also Thompson v. Mindis Metals, Inc., 692 So.2d 805 , 807 (Ala. 1997) ("A legal duty arises either from the common law or from a statute."). "'The existence of a duty is a question of law to be determined by the ... court.'" Wal-Mart Stores, Inc. v. Smitherman, 872 So.2d 833 , 837 (Ala. 2003) (quoting Ex parte Farmers Exch. Bank, 783 So.2d 24 , 27 (Ala. 2000)). See also State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834 (Ala. 1999).

*Gowens v. Stewart*, supra.,

The Courts discussion of the creation of special relationships under 42 U.S.C. §4104(B)(d) restricts such limited reliance "only to the extent such person guarantees the accuracy of the information." This code section must be taken as a whole and should not be taken out of context. The language of a subpart derives its application from the whole. Footnote 3 in *Cruey v. First American Flood Data Services, Inc.,* 174 F.Supp2d 525 (E.D. Ky. 2001) states, "The protection afforded by the statute does

not amount to blanket immunity. Rather, the protection is limited to determination made not more than seven (7) years before the date of the transaction, and there are several exceptions."

CONCLUSION: Plaintiffs have not brought any action in this case under any section of Title 42 United States Code. Geotrac's arguments that Title 42 establishes no private remedy is groundless. Plaintiffs' remaining claims against this defendant are based on Alabama tort law. Geotrac has failed to meet its burden of showing there is no genuine issue of material fact and its Motion for Summary Judgment as it pertains to COUNT I(Breach of Contract), COUNT IV (Negligence), COUNT V(BREACH OF DUTY TO THIRD PARTY BENEFICIARY) and COUNT VI(FRAUD) is due to be denied. Respectfully submitted this the 16th Day of June, 2006.

/s/Clifford W. Jarrett
Clifford W. Jarrett (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2006, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: Joseph E. Stott, Esq., George W. Walker, III, Esq., Thomas W. Thagard, III, Esq., and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the documents to the following Non-CM/ECF participants: NONE.

/s/Clifford W. Jarrett
Clifford W. Jarrett
Of Counsel