Exhibit "B"

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK and wife, <br> BARBER E. CLARK, <br>     Plaintiffs, <br><br> v. <br><br> AMSOUTH MORTGAGE COMPANY, <br> INC., a corporation, <br> et al., <br>     Defendants. | * <br> * <br> * <br> *   CIVIL ACTION NO. <br> *   1-05cv747-T <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

### ANSWERS TO INTERROGATORIES

TO: Joseph E. Stott
Attorney for Defendant Geotrac
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
P.O. Box 380548
Birmingham, AL 35244.

I herewith serve upon you the following answers of the plaintiffs to the interrogatories heretofore served on them.

1. State your name, date of birth, address, and social security number.

RESPONSE:

Arthur Earl Clark, 03/27/1951, 8530 South County Road 55, Cottonwood Alabama 36320, Social Security Number 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. Barbara E. Clark, 05/25/1947, 8530 South County Road 55, Cottonwood Alabama 36320, Social Security Number 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.

2. State the name and current address of each person who was a witness to, or has any knowledge of any occurrence, event,

R2InterG.wpd

Page 1 of 13 Pages

fact, or circumstance upon which your claim is founded, specifying the occurrence, event, fact or circumstance to which each such person or witness has knowledge.

RESPONSE:

Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided most of this information in their initial disclosures and Response to Request for Production. The information contained there-in is not repeated here. Without waiving said objections plaintiffs says;

Plaintiff heard Jacquline King telephone Paul Cromblehulme who said they would remove the Flood Insurance and clear the account in June of 2004.

Jacquline King, Loan Officer with AmSouth Bank, Dothan stated AmSouth made a mistake by ever placing the flood insurance.

Various officers/agents/employees identified only by the following names; Marshall, Stacey Christopher, Rolangra, Morgan, Redgie, Rose Mary, Mrs. Harmon, Karen Hillerbrand, And Felice. These employees/agents/officers of AmSouth made various statements concerning the account. Refer to the tape recordings for details.

3.  Please describe in complete detail each and every

R2InterG.wpd                                Page 2 of  13 Pages

communications, in whatever form, between yourself and/or anyone acting on your behalf and Defendants concerning subject matter made the basis of this suit, including for each such communication:

(a) The time and place at which it was made;

(b) The name and address of each person who participated in, witnessed, or has knowledge of such communication, and the relationship, if any, of each such person to the Plaintiff;

(c) The nature of each such communication (e.g., oral, written, gesture, tape recording, etc.,) specifying which portions were made in each manner; and

(d) The exact wording of each verbal communication, whether oral or written, giving all statements in chronological order with the person making each statement clearly identified.

RESPONSE:

Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and Response to Request for Production. Without waiving said objections Plaintiffs states as follows:

Employees, officers and/or agents of AmSouth told us on numerous occasions that Geotrac and/or FEMA had determined our property was in a flood zone, and that they had so notified AmSouth.

On May 4, 2004 we received a package from Geotrac, a copy of which has already been produced.

On May 28, 2004 we received another letter and enclosures from Geotrac, a copy of which has already been produced.

4. State which, if any, of the communications made to you by any Defendant, were false.

RESPONSE:

My property was/is in a flood zone.

Amsouth had been notified by FEMA that my property was in a flood zone.

FEMA would have to provide the Bank (AmSouth) with paperwork to stating my house was not in a flood zone.

My mortgage would be foreclosed if I didn't pay for flood hazard insurance.

The house identified as being mine on one of the flood maps.

5. State each and every fact known to you which leads to the belief or knowledge that the statements referenced in Interrogatory #4 were false.

RESPONSE:

Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided most of this information in their initial disclosures and Response to Request for Production.

6. If you contend that any Defendant intended to deceive

R2InterG.wpd                                              Page 4 of 13 Pages

or mislead you at any time during the alleged occurrences made the basis of this lawsuit, please state each fact upon which you base this contention, identifying which such Defendant intended to deceive or mislead you.

RESPONSE:

All defendants intended for us to believe our house was in a flood zone and that we would have to pay for said insurance. AmSouth then intended us to believe they were in the process of foreclosing on our property and that we had no choice but to pay them for the insurance. AmSouth also intended for us to believe they promptly investigated our claims, posted payments and otherwise credited our account properly.

7.  Please describe in detail each harm which was suffered by you or any other person as a result of the alleged occurrences made the basis of this lawsuit, indicating who was harmed and stating when, how and why such harm occurred, and include the itemization of all expenses or other damages claimed by you as a proximate cause of the harm.

RESPONSE: Plaintiff lacks sufficient knowledge to identify all other persons who may have been harmed by the actions complained of in their complaint. Those persons that have been identified include both Plaintiffs.

Both plaintiffs were harmed as specified in the complaint. Mr. Clark is a heart patient. Both plaintiffs were forced to deal

R2Inter6.wpd                                                Page 5 of 13 Pages

with the stress and fear of losing their home, the damage to their credit and the increased medical expenses caused by this stress. Mrs Clark also developed Fibromyalgia which was caused by or aggravated by the stress. Both suffered loss of credit, increased interest payments, decreased equity in their home, loss of use of their money.

8.   Please give the name and address and qualifications of each witness you plan to call as an expert in this action, stating the anticipated testimony of each such expert, and the basis of each opinion to be given by said expert.

RESPONSE: The only experts identified thus far are Geotrac and Polyengineering. Plaintiffs object to this inquiry as being repetitive and overly burdensome as it pertains to these two named entities. Plaintiff has already provided this information in their initial disclosures and Response to Request for Production.

9.   As to each Plaintiff, state whether you are claiming any injury, physical or emotional, as a result of the occurrences made the basis of this lawsuit. If so, please state:

(a)   Nature of the injuries; and

(b)   List all medical providers from whom you sought treatment as a result of the injuries.

RESPONSE:

Plaintiffs object to this inquiry as being repetitive and

overly burdensome. Plaintiff has already provided most of this information in their initial disclosures and Response to Request for Production. The information contained there-in is not repeated here. Without waiving said objection Plaintiff states as follows: We developed stress related ailments and developed more serious problems as a result of all the stress imposed upon us.

10. If you have ever been a party or witness in any other civil proceeding identify the jurisdiction, civil action number, nature and disposition of each such proceeding.

RESPONSE:

Clark v. AmSouth I do not have the case number. It was filed in Houston County Circuit Court concerning improper posting of payments to our account. The case was settled without a trial.

I (Earl Clark) was involved in a case with my employer Liberty National involving a contract dispute that was settled.

We are attempting to find these records and will provide additional information when we get it.

11. If you have ever been convicted of any crime, state the date and jurisdiction of each such conviction and the crime for which you were convicted in each such case.

RESPONSE:

None

12. Please list the names and addresses of any and all witnesses from whom statements of any type have been taken by the

Plaintiffs or anyone acting on behalf of the Plaintiffs.

RESPONSE: Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and Response to Request for Production.

13. Please state the name of each and every employee and/or agent of the Defendant that has had contact with the Plaintiffs at anytime, stating the dates and substance of any such communications.

RESPONSE: Plaintiff objects to this request as the term "the Defendant" is ambiguous. Interpreting this term to mean Geotrac Plaintiff states: Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided most of this information in their initial disclosures and Response to Request for Production. The information contained there-in is not repeated here. Without waiving said objection Plaintiff states as follows:

See the letters dated May 4, 2004 and May 28, 2004 which are attached.

14. State the date that you first became aware that the Defendant had performed a flood zone determination at the property referred to in the Plaintiff's Complaint.

RESPONSE: Plaintiff objects to this request as the term "the Defendant" is ambiguous. Interpreting this term to mean Geotrac

R2InterG.wpd                                                    Page 8 of 13 Pages

Plaintiff states:

In April of 2004 Mr. Clark called AmSouth and spoke with "Felice," who said FEMA had notified AmSouth the property was in a flood zone. Mr. Clark requested a copy of the correspondence. It was never received. Mr. Clark subsequently called AmSouth back and spoke with, "Chris" who said Geotrac had provided the flood zone determination. Again, Mr. Clark requested a copy of that correspondence. See response to interrogatory number 13.

15. Please state the name of each and every mortgage company which holds a mortgage on the property referred to in the Plaintiffs Complaint, including the amount of the mortgage, the date the mortgage was obtained, and the term of each such mortgage.

RESPONSE: Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and Response to Request for Production. There are no other mortgages on the property identified by this request.

16. Please state the name of each and every person who has performed an appraisal on the property described in the Plaintiff's Complaint, and state the date that each such appraisal was performed.

RESPONSE:

The Plaintiffs object to this request as it is

overbroad and seeks information not reasonably related to the discovery of any discoverable information as it pertains to actions taken and/or done prior to 1987. Without waiving said object Plaintiffs have attached copies of all known appraisals.

17. Please state the name, address, telephone number of any entity who has performed a flood determination with regard to the property at issue in this case.

RESPONSE: Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and Response to Request for Production. There are no other determinations other than those previously provided.

18. Describe in detail each and every contract with regard to which you claim to be a third party beneficiary including the parties to said contract and every material term of said contract.

RESPONSE: Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and/or Response to Request for Production. We are not in possession of such contract(s) but will supplement this response when the requested information is received.

19. Identify any and all funds with specificity that you

claim belong to the Plaintiffs but were unjustly received by Defendant Geotrac.

RESPONSE:

To our knowledge Geotrac received no funds other than payments for services performed for AmSouth and/or Dovenmule as to determination of flood zone concerning Plaintiff's property.

20. Describe any and all funds which you claim Geotrac converted from the Plaintiffs' use to it own use, including a description of how Geotrac came to be in possession of said funds and the date on which said conversion occurred.

RESPONSE:

Same response as for number 21.

21. Identify each and every effort you undertook to satisfy the Defendants that your property was not in a flood zone as described in paragraph 33 of the Plaintiffs' Complaint.

RESPONSE:

Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and/or Response to Request for Production.

22. Describe in detail each and every conversation you have ever had at any time with any employee or other representative of Geotrac.

RESPONSE:

R2InterG.wpd                                    Page 11 of 13 Pages

Plaintiffs object to this inquiry as being repetitive and overly burdensome. Plaintiff has already provided this information in their initial disclosures and/or Response to Request for Production.

Plaintiff reserves the right to amend and/or supplement these responses as new information/evidence may come into their possession.

**STATE OF ALABAMA**

**HOUSTON COUNTY**

Before me, the undersigned authority duly authorized to administer oaths, personally appeared, Aurthur Earl Clark and Barbara E. Clark, the Plaintiffs in the above-styled cause, who, after first being duly sworn, deposes and says that the averments contained in the foregoing answers, starting with number 1 and ending with number 22 are accurate and true to the best of their knowledge, information and belief.

*Aurthur Earl Clark*
Aurthur Earl Clark

Sworn to and subscribed before me this 28 day of October, 2005.

*CW Jarrett*
NOTARY PUBLIC
My commission expires: FEB 0 2 2009

R2InterG.wpd                                                                              Page 12 of 13 Pages

*Barbara E. Clark* (signature)
Barbara E. Clark

Sworn to and subscribed before me this 28 day of October, 2005.

*C W Jarrett* (signature)
NOTARY PUBLIC
My commission expires: FEB 0 2 2009

This the 28 day of October, 2005.

*C W Jarrett* (signature)
Clifford W. Jarrett
Douglas M. Bates
Of Counsel

R2InterG.wpd

Page 13 of 13 Pages