IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK AND BARBARA E. CLARK, )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>)<br>AMSOUTH MORTGAGE COMPANY, INC., )<br>DOVENMUEHLE MORTGAGE INC., )<br>GEOTRAC INFORMATION SYSTEM )<br>SPECIALIST, and EMPIRE FIRE AND )<br>MARINE INSURANCE COMPANY )<br>)<br>Defendants.  ) | CIVIL ACTION NUMBER<br>1:05-cv-747-VPM |

**Defendant Empire Fire and Marine Insurance Company's Response
in Opposition to Plaintiffs' Motion for Order of Protection
and Denial of All Defendants' Motions for Summary Judgment**

Defendant Empire Fire and Marine Insurance Company ("Empire") hereby files this Response in Opposition to Plaintiffs' Motion for Order of Protection and Denial of All Defendants' Motions for Summary Judgment as follows:

In response to the Motions for Summary Judgment filed by the other Defendants in this case, Plaintiffs Arthur and Barbara Clark filed a motion seeking the denial of the pending motions for summary judgment on the basis that they were filed before the discovery cut-off date and are therefore premature and further seeking an order preventing any other Defendants from filing summary judgment motions before the discovery cut-off date. Although Plaintiffs' motion is directed to the other Defendants in this case, Empire files this opposition because it is prepared

to file its own motion for summary judgment and opposes the entry of any order which would prevent it from doing so prior to the discovery cut-off date.

The Federal Rules of Civil Procedure erect no barrier preventing a party from moving for summary judgment prior to discovery cut-off, but do provide a vehicle for addressing the contention of the Plaintiffs that they need additional discovery and, therefore, any motion for summary judgment is premature. That vehicle is a motion pursuant to Rule 56(f), which is to be accompanied by an affidavit specifically identifying the facts needed from additional discovery that are required to oppose the summary judgment. The Plaintiffs have failed to avail themselves of the procedure set forth in Rule 56(f), and therefore their motion is due to be denied.

When Empire does file its Motion for Summary Judgment, if Plaintiffs believe that they need some specific discovery in order to respond to the issues raised by Empire, they may file the appropriate motion. What the Plaintiffs cannot do is simply allege that motions for summary judgment filed before the discovery cut-off date are premature and request a protective order preventing all Defendants from filing for summary judgment, particularly when Plaintiffs do not even know what grounds will be raised by Empire.

WHEREFORE, for the reasons set forth hereinabove, Defendant Empire Fire and Marine Insurance Company requests that the Court enter an Order denying Plaintiffs' Motion for Order of Protection and Denial of All Defendants' Motions for Summary Judgment, and for such other and further relief as the Court deems appropriate.

                                          _s/ George W. Walker, III_
                                          George W. Walker, III (WAL097)

                                          Attorney for Defendant
                                          Empire Fire and Marine Insurance Company

**OF COUNSEL:**

COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, AL  36101-0347
Telephone:  (334) 834-1180
Facsimile:  (334) 834-3172


**CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Douglas M. Bates**
batesatty@graceba.net

**John David Collins**
jcollins@mcglaw.com

**Clifford Wayne Jarrett**
cliffordjarrett@aol.com

**Joseph E. Stott**
jstott@sssandf.com, lyoungblood@sssandf.com

**Thomas Werth Thagard, III**
tthagard@mcglaw.com


                                         s/ George W. Walker, III
                                         OF COUNSEL