IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR EARL CLARK AND BARBARA E. CLARK,** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>)<br>**AMSOUTH MORTGAGE COMPANY, INC.,** )<br>et al. )<br>)<br>**Defendants.** ) | **CIVIL ACTION NUMBER 1:05-cv-00747-MHT-VPM** |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER OF PROTECTION AND DENIAL OF SUMMARY JUDGMENT**

Defendants AmSouth Bank ("AmSouth") and Dovenmuehle Mortgage, Inc. ("DMI"), by and through their undersigned counsel, file this opposition to Plaintiff's motion for order of protection and denial of summary judgment. As grounds for their opposition, AmSouth and DMI state as follows:

1. Plaintiffs allege in their complaint and confirmed in their deposition that all of their claims arise of out and directly relate to AmSouth/DMI's force placement of flood insurance in reliance upon a flood hazard determination prepared by co-defendant Geotrac. (See Complaint, ¶ 1). As a result, Plaintiffs' claims fall squarely within the broad grant of immunity provided to lenders (AmSouth) and loan servicers (DMI) who purchase flood insurance based upon a guaranteed flood hazard determination prepared by an approved third-party determination company. See 42 U.S.C. § 4014b(d) (a lender or servicer "shall not be held liable for any error" in a flood hazard determination prepared by a third-party determinant who guarantees the

1

accuracy of the information provided).  Courts have recognized that this subsection "amounts to an *express denial* of a cause of action by the borrower against the lender."  Cruey v. First American Flood Data Services, Inc., 174 F.Supp.2d 525 (E.D. Ky 2001) (emphasis in original).

2. In their motion for order of protection, Plaintiffs fail to explain how any additional discovery would enable them to rebut or otherwise circumvent the grant of immunity provided under the NFIA.  Instead, Plaintiffs argue that they need "discovery to determine the exact relationship between defendants, the identity of each defendant's employees who have knowledge concerning the events made the basis of the suit and what steps each defendant took to protect the rights of the plaintiffs."  None of this information is relevant to the issue of immunity.

4. Plaintiffs also claim that Defendants have somehow violated the Court's Scheduling Order and prevented them from conducting necessary discovery because Defendants' failed to disclose their witnesses and expert witnesses.  As an initial matter, Plaintiffs are simply incorrect.  Both AmSouth and Dovenmuehle properly served Rule 26 disclosures naming persons in their organizations with knowledge.  As to experts, AmSouth and DMI did not disclose expert witnesses because they have not retained any experts.  This is because the claims in this case are simple, straightforward, and barred as a matter a law, and furthermore, Plaintiffs never disclosed an expert in support of their case.  Any suggestion that Defendants are under an obligation to hire an expert in a case such as this one or that their decision not to so do "prevented Plaintiffs from completing discovery" is entirely baseless.

5. The overarching theme of Plaintiffs' motion is that Defendants somehow acted improperly when they filed their motions for summary judgment in advance of the summary judgment deadline and discovery cut-off.  The Federal Rules, however, allow defendants to file a

motion for summary judgment at any time and do not require the discovery period to end before filing such a motion.

6. In any event, AmSouth and DMI filed their motion for summary judgment in advance of the dispositive motion deadline because the depositions of Plaintiffs <u>conclusively</u> establish that all of their claims arise out of the force placement of flood insurance based upon information provided by a third-party determination company – a protected activity under the NFIA.

Wherefore, Defendants AmSouth Bank and Dovenmuehle Mortgage, Inc. respectfully request that this Court deny Plaintiffs' motion for an order of protection.

s/ Thomas W. Thagard III<br>
Thomas W. Thagard III<br>
John David Collins<br>
<br>
Attorneys for Defendants Dovenmuehle Mortgage, Inc. and AmSouth Bank

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DOUGLAS M. BATES
CLIFFORD W. JARRETT
424 SOUTH OATES STREET SUITE 1
DOTHAN, AL 36301

JOSEPH E. STOTT
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 VALLEYDALE ROAD
P.O. BOX 380548
BIRMINGHAM, AL 35244

GEORGE W. WALKER, III
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 SOUTH PERRY STREET
MONTGOMERY, AL 36014

                                              s/ Thomas W. Thagard III
                                              OF COUNSEL

01350601.1