IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK and ) | |
| BARBARA E. CLARK ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | 1:05-CV-00747-MHT-VPM |
| AMSOUTH MORTGAGE CO., INC.; ) | |
| DOVENMUEHLE MORTGAGE, INC.; ) | |
| GEOTRAC INFORMATION SYSTEM ) | |
| SPECIALIST, and EMPIRE FIRE AND ) | |
| MARINE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF OF DEFENDANT GEOTRAC, INC.
IN SUPPORT OF SUMMARY JUDGMENT**

COMES NOW Defendant Geotrac, Inc., incorrectly designated in the Plaintiffs' Complaint as "Geotrac Information System Specialist" and hereby files the following Reply Brief in support of its pending Motion for Summary Judgment.

**ARGUMENT**

Though the Plaintiff attempts to treat Counts I (Breach of Contract), IV (Negligence), and V (Third Party Beneficiary) as three separate and distinct causes of action, under Alabama law, they are all treated exactly the same. The Plaintiff admits in his response brief that his position on the breach of contract Count is his contention that the contract between Geotrac and Dovenmuechle was made for the benefit of Mr. and Mrs. Clark. (See Plaintiffs' Brief at page 7 citing Harris v. The Board of Water & Sewer Commissioners, 320 So.2d 624

(Ala. 1975), for the proposition that "one for whose benefit a valid contract has been made . . . may maintain an action on the contract against the promissor"). Thus, there is absolutely no difference between Count I of the Complaint, alleging third party beneficiary status on a breach of contract action, and Count V of the Plaintiffs' Complaint, again alleging a breach of a duty owed to a third party beneficiary. Though the Defendants deny that Mr. and Mrs. Clark can demonstrate the proper elements to achieve third party beneficiary status, assuming for the sake of argument that they are indeed third party beneficiaries, the elements of Count I and V are identical.

Moreover, though Count IV seeks to state a cause of action for common law negligence, there an be no doubt that the contract between Dovenmuechle and Geotrac defines the duties and obligations of Geotract in performing flood zone determinations. See, e.g., Otis Elevator of Gadsden v. Scott, 586 So.2d 200, 205 (Ala. 1991)(holding that the scope of the Defendant's duty to a third party Plaintiff is determined by the provisions of the contract under which the work was to be done). Further, it is black letter law that a Plaintiff claiming third party beneficiary status cannot have rights under a contract which exceed the rights of the primary contracting parties. See, e.g., Swan v. Hunter, 630 So.2d 374 (Ala. 1993)(holding that the intention of the contracting parties, per the terms of the contract, determines the rights of the alleged third party beneficiary); and Adams v. Republic Steel Corp., 254 Ala. 620, 625 (1950)(holding that "a third party beneficiary claiming rights under an agreement . . . has no greater rights than as fixed by the terms of the contract"). In other

words, if Geotrac can establish that it performed all of its duties under the contract as expected by Dovenmuechle, the Plaintiffs cannot complain that the duties under the contract was improperly performed.

In sum, the contractual terms of the agreement between Dovenmuechle and Geotrac, attached to the Defendant's original brief as Exhibit "A," define all duties of Defendant Geotrac, whether examined under Count I, Count IV, or Count V of the Plaintiffs' Complaint. Thus, the only question which must be decided in order to determine the outcome of the Defendant's Motion for Summary Judgment on these Counts is whether Geotrac properly fulfilled its duties under the service agreement. It is clear from the Affidavit of Mark Schnellinger and the Plaintiff's own deposition testimony that Geotrac did in fact properly fulfill all such duties.

Though the Plaintiff would have this Court believe that Geotrac identified the Clarks' specific home as being located in a flood zone, such argument is mere conjecture, as the Plaintiff has failed to offer any testimony or evidence establishing such a fact. However, this Court has received the actual documents provided by Geotrac to Dovenmuechle upon which the Plaintiff's claim is based. Attached to Co-Defendant Dovenmuechle's and AmSouth's Motion for Summary Judgment, as Exhibit "2," is the Plaintiff's entire deposition, with exhibits. Exhibit "7" to that deposition is a copy of the flood zone determination provided by Geotrac to Dovenmuechle. That document asks the question "is building/mobile home in special flood hazard area." In the area provided, Geotrac admits that it identified a

structure (building or mobile home) on the Plaintiffs' property as being located in a flood zone. It did not identify the specific structure in which the Plaintiff resides, but indicated only that a structure was located in flood zone. As has already been demonstrated to this Court, the service agreement in question allows Geotrac to rely on "federal flood insurance rate maps, federal flood hazard boundary maps, census bureau, and federal reserve published data, and other published information from governmental and private sources" to make flood zone determinations. Though the service agreement indicates that Geotrac will "provide guarantees for accuracy" of its flood zone determinations, that same paragraph goes on to state that "Geotrac cannot guarantee the accuracy of [outside] sources" and further goes onto to state that Geotrac will assume responsibility for ***negligence in the interpretation*** of those outside maps. (See Service Agreement, attached as Exhibit "1" to the Defendant's original brief in support of summary judgment). As such, Geotrac could be held responsible for an error in the <u>interpretation</u> of a map, but not if the map itself is flawed.

Thus, if there is no question of fact as to the contention of the Defendant that the incorrect flood zone determination was a result in a map error rather than an error in interpretation, summary judgment is due to be granted.

When presented with the evidence, even the Plaintiff admits that the maps provided by FEMA do not show a property line dividing his property from his neighbor's property. In his deposition, Mr. Clark testified as follows:

> THE WITNESS:   That's my property, the divided line, because the line in there is the neighbor.

4

> MR. STOTT:        But just to make sure we're clear that line was not present on the FEMA map that you received, that is something you drew?
>
> THE WITNESS:      That's the one that I drew stating my house and local.

(See Plaintiff's Deposition at page 174). Further, the Plaintiff admits in his deposition that the parcel where his house is located and the parcel where his neighbor's house is located was at one time a single parcel of land which he subdivided. (See Plaintiff's Deposition at pages 264 and 265). He further admits that when he himself requested a map directly from FEMA, those two parcels of land, which used to be a single parcel, were still identified as single parcel of land. The FEMA map did not show a dividing line between his property and his neighbor's property, and in order to demonstrate the difference between his parcel and his neighbor's parcel, the dividing line had to be had to physically draw in. (See Plaintiff's Deposition at page 276 and 277). Though he does not recall if he drew the line or whether Geotrac drew the line, it was definitely a hand-drawn line. Finally, he admits that if the FEMA map showed his land and his neighbor's land as a single parcel, it would be incorrect, and if the FEMA map showed his neighbor's house as being located on his property that would be incorrect. Finally, he agreed explicitly that the FEMA map was wrong. In fact, the Plaintiff specifically testified as follows:

> QUESTION:   Okay. And I think you already told me that the FEMA map was wrong?
>
> ANSWER:     Correct.

(See Plaintiff's Deposition at page 282).

Thus, we are left with the following undisputed facts: (1) the contract for provision of a flood zone determination allows Defendant Geotrac to rely on maps created by outside sources, such as FEMA and Houston County, Alabama; (2) Geotrac, pursuant to the contract, does not accept responsibility for errors which appear on the maps; and (3) by the Plaintiff's own admission, in this case, the maps in question were in error.

Given those undisputed facts, there is no question that the defendant properly fulfilled all of its duties required by the contract and therefore all duties required by law. As such, there are no genuine issues of material fact, and the Defendant is clearly entitled to a full and final summary judgment on all allegations of Counts I, IV and V of the Plaintiffs' Complaint.

The only other Count with regard to which the Plaintiff has opposed the pending Motion for Summary Judgment is Count V, which purports to state a claim for fraud. Though the Defendant will not belabor all of the arguments previously made in support of its Motion for Summary Judgment, the Defendant will point out that, pursuant to the terms of its contract with AmSouth, the only representations made by Geotrac to AmSouth was the fact that the maps in question demonstrated a structure (building or mobile home) located on the identified parcel as being in a flood zone. By the Plaintiff's own admission, the map did indeed show a structure on the identified parcel as being located in a flood zone. As such, there was no misrepresentation made by Geotrac whatsoever. Further, the Plaintiff himself

admits that Geotrac made no representations directly to Mr. and Mrs. Clark.  As such, summary judgment is clearly due on Count VI of the Plaintiffs' Complaint.

Moreover, the Plaintiffs' own brief establishes on page 10 that one of the elements of a claim of fraud under Alabama law is reliance.  Plaintiff Arthur Clark was very clear in his deposition that he never believed that his home was located in a flood zone, and further explained that he did not make extra payments because he knew he was not in a flood zone.  See, e.g., Plaintiff's Deposition at pages 102 - 103 and pages 157 - 160).  Thus, because the Plaintiff neither believed the alleged misrepresentations, nor acted upon the alleged misrepresentations, he cannot make out a claim for fraud.

Finally, the Plaintiff merely dismisses Geotrac's immunity arguments as inapplicable, arguing on page 13 that the act does not give Geotrac under these circumstances the right to "force-place" flood insurance.  However, the record is clear that Geotrac did no such thing.  Geotrac merely completed the flood zone determination.  Any decision related to the purchase of insurance by the plaintiff or the force-placing of insurance was solely between the bank/mortgage company and the Plaintiff.  Though the Plaintiff on page 16 claims that Geotrac's position is "groundless," each and every Federal District Court or State Court that has examined this issue, resulting in a reported decision, has come to the conclusion that such immunity is in fact granted not only to lenders but also to third party flood determination companies.  The Defendants have cited numerous cases covering almost every conceivable fact pattern, and covering not only claims filed directly under the act, but also common law

claims of fraud, negligence and breach of contract like those filed by Mr. and Mrs. Clark. Thus, summary judgment is due to be granted as a result both of the immunity provisions of the act and based on the undisputed facts cited above.

WHEREFORE, the Defendant respectfully requests that this Court enter an Order granting full and final summary judgment as to all allegations of the Plaintiffs' Complaint. The Defendant further requests that said judgment be made final, there being no just reason for delaying the entry of final judgment.

Respectfully submitted,

*s/Joseph E. Stott*
ASB-4163-T71J
Attorney for Defendant Geotrac, Inc.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: jstott@sssandf.com Email Joseph Stott

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK AND BARBARA E. CLARK, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMSOUTH MORTGAGE COMPANY, INC., )<br>DOVENNUEHLE MORTGAGE INC., GEOTRAC )<br>INFORMATION SYSTEM SPECIALIST, and )<br>EMPIRE FIRE AND MARINE INSURANCE )<br>COMPANY, )<br>Defendants. ) | Civil Action Number<br>1:05-cv-00747-VPM |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   Douglas M. Bates, Esq., Clifford W. Jarrett, Esq., George W. Walker, III, Esq., Thomas W. Thagard, III, Esq. and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: _____.

    Respectfully submitted,

    *s/Joseph E. Stott*
    ASB-4163-T71J
    Attorney for Defendant Geotrac, Inc.
    **SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
    2450 Valleydale Road
    Birmingham, Alabama 35244
    Phone: 205-967-9675
    Facsimile: 205-967-7563
    E-mail: jstott@sssandf.com Email Joseph Stott