**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ARTHUR EARL CLARK AND ) | |
| BARBARA E. CLARK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | 1:05-cv-747-VPM |
| ) | |
| AMSOUTH MORTGAGE COMPANY, INC., ) | |
| DOVENMUEHLE MORTGAGE INC., ) | |
| GEOTRAC INFORMATION SYSTEM ) | |
| SPECIALIST, and EMPIRE FIRE AND ) | |
| MARINE INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT EMPIRE FIRE AND MARINE INSURANCE COMPANY'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Empire Fire and Marine Insurance Company ("Empire") hereby submits its Brief in Support of its Motion for Summary Judgment:

**I.    Procedural History**

Plaintiffs Arthur and Barbara Clark instituted this action on June 22, 2005 in the Circuit Court of Houston County against Defendants AmSouth Mortgage Company, Inc. ("AmSouth"), Dovenmuehle Mortgage, Inc. ("Dovenmuehle), Geotrac Information Specialist ("Geotrac") and Empire. The Clarks' complaint asserted various state law claims arising out of a determination that their home was in a flood zone and the placement of flood insurance on their home. The Clarks' complaint also included claims under the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") relating to efforts by some of the defendants to collect from the Clarks the premium paid for the flood insurance. Defendant Dovenmuehle removed the case to this Court on August 8, 2005 on the basis of federal question jurisdiction over Plaintiffs'

FCRA and FDCPA claims, and supplemental jurisdiction over the state law claims asserted in Plaintiffs' Complaint.

## II.  Statement of Undisputed Facts

"This is an action for damages arising out of the force placing of flood insurance on Plaintiffs' property allegedly under a mortgage indebtedness between Plaintiffs and Defendants AmSouth Mortgage Company, Inc. and Dovenmuehle Mortgage, Inc." [Complaint, ¶1]. Defendant AmSouth Mortgage ("AmSouth") holds the mortgage on the Plaintiffs' home. [Complaint, ¶¶10-11].

Prior to June 10, 2003, a flood zone determination was made which concluded that the Clarks' property was in a flood zone. [Complaint, ¶13]. AmSouth requested that the Clarks provide AmSouth with a copy of their current flood policy. [Exhibit 1]. The Clarks did not have flood insurance and did not believe they were required to obtain it until proof could be provided that their home was in a flood zone. [Depo. of A. Clark, p. 164].

In August of 2003, Empire was contacted, through ZC Sterling Insurance Agency, Inc. [ZC Sterling][1] requesting lender placed flood insurance for the Clarks' property. [Aff. of R. Chapman]. Dovenmuehle, as subservicer of the Clarks' mortgage for AmSouth, paid the $808.00 premium for the policy and ZC Sterling as program manager for Empire issued the policy retroactive to June 10, 2003, with AmSouth as the named insured mortgagee and the Clarks' as the additional named insureds. [Aff. of R. Chapman and Exhibit 1 attached thereto]. The Clarks were notified by AmSouth that it had purchased flood insurance to protect AmSouth's interest. [Exhibit 2].

In 2004, under threat of foreclosure by AmSouth, the Clarks paid AmSouth the premium for the insurance policy and other assessed late charges and fees. [Depo. of A. Clark, pp. 222-

---

[1]   ZC Sterling was the program manager for Empire.

223]. In May of 2004, it was confirmed that the Clarks' home was not in the flood zone. [Exhibits 3 and 4]. As a result, a subsequent flood zone determination was issued reflecting that no flood insurance was required. [Exhibit 3]. In June 2004, ZC Sterling received a request from Dovenmuehle to cancel the lender placed insurance based on the Clarks' property not being in a flood zone. [Aff. of R. Chapman]. ZC Sterling as program manager for Empire cancelled the policy retroactive to the original inception date of June 10, 2003 [Aff. of R. Chapman; Exhibit 5] and refunded to Dovenmuehle the entire $808.00 premium previously paid for the policy. [Aff. of R. Chapman]. As it relates to Empire, the Clarks had no conversations or dealings with it and did not make any payments to Empire. [Depo. of A. Clark, pp. 315, 319-321; Depo. of B. Clark, p. 53].

On June 22, 2005, the Clarks filed their Complaint against AmSouth, Douvenmuehle Mortgage, Inc., Geotrac, Inc. and Empire. As it relates to Empire, the Plaintiffs assert the following claims: Breach of Contract, Unjust Enrichment, Conversion, Negligence/Wantonness and fraud. [Complaint].

**III.    Standard of Review**

While on summary judgment this court is to construe the evidence and factual inferences arising therefrom in a light most favorable to the nonmoving party, the nonmovant nonetheless "bears the burden of coming forth with sufficient evidence on each element that must be proved." *Cannon v. Dyncorp,* 378 F.Supp.2d 1332 , 1339 -1340 (M.D.Ala. 2004). In this case, the Clarks simply have no factual predicate upon which to support the elements of their claims against Empire; therefore, Empire is entitled to summary judgment as to each and every claim asserted against it. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986) (recognizing that movant's burden on summary judgment is "discharged by 'showing' - that is,

3

pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case.").

IV.     **Argument**

As for the Clarks' claims against Empire, such claims are based upon the erroneous determination that the Clarks' home was in a flood zone and the subsequent actions to acquire lender placed flood insurance on their property. Empire was not involved in the determination of whether the Clarks' home was in a flood zone, had no dealings with the Clarks and simply acted as the insurer that issued a policy of flood insurance at the request of Dovenmuehle and after Dovenmuehle, as subservicer for AmSouth, paid the premium for the policy.

   A.     **Empire breached no contract with the Plaintiffs**

In Count One, the Plaintiffs assert a claim for breach of contract which appears to be focused on Defendants AmSouth and Dovenmuehle Mortgage, Inc. [Complaint ¶ 26]. Nonetheless, Plaintiffs seek relief from all "Defendants," and therefore Empire will briefly address this claim. The only contract to which Empire is a party in this case is the contract of flood insurance which was placed at the direction of Dovenmuehle and provided flood insurance for the Clarks' home. [Exhibit 1 to the affidavit of R. Chapman]. The Clarks admit that they did not submit any claims under the flood policy and are not claiming that any provisions of the flood policy were breached by Empire. [Depo. of A. Clark, pp. 322-323]. Therefore, Empire is entitled to judgment as a matter of law on Plaintiffs' Breach of Contract Claim.

   B.     **Plaintiffs' Unjust Enrichment and Conversion claims fail because Empire never received any funds from the Clarks or that belonged to the Clarks**

In Counts Two and Three, the Clarks assert claims for unjust enrichment and conversion premised upon their alleged ultimate payment of the premium for the unnecessary flood insurance. However, the only money received by Empire for this policy was the initial premium

4

amount of $808.00 paid by Dovenmuehle in August of 2003. [Aff. of R. Chapman].[2] While the Clarks ultimately paid for the insurance premium, such payment was not made until 2004, and it was made to AmSouth, not Empire. [Depo. of A. Clark, pp. 222-223, 321]. The Clarks never paid any money to Empire. [Depo. of A. Clark, p. 321; Depo. of B. Clark, p. 53].

"The gist of the action for conversion is the wrongful exercise of dominion over property to the exclusion of or in defiance of a plaintiff's rights, where the plaintiff has a general or special title to the property or the immediate right to possession." *Riscorp, Inc. v. Norman*, 915 So.2d 1142, 1152 (Ala. 2005). In this case, the property allegedly converted by Empire is the flood policy premium, which was paid by Dovenmuehle, on behalf of AmSouth, from its own funds. The Clarks had no right to possession of this money used to purchase the lender placed insurance and, therefore, their conversion claim fails as a matter of law. See *Id.* (reversing jury verdict in favor of plaintiffs on conversion claim and rendering judgment for defendants on such claim because plaintiffs could not show they had an immediate right to possession of the funds allegedly converted by defendant.).

The Clarks' unjust enrichment claim fails for the similar reason that Empire never held any funds belonging to the Plaintiffs. A claim for unjust enrichment requires a showing that the defendant holds property or funds which belong to the plaintiff. See *Banton v. Hackney*, 557 So.2d 807, 819-820 (Ala.1989) (recognizing that unjust enrichment occurs where a defendant retains property which rightfully belongs to the plaintiff). Because the premium payment made by Dovenmuehle was the only property or funds received by Empire, Plaintiffs' unjust enrichment claim fails as a matter of law as Empire holds no funds that rightfully belong to them. See *Rau v. Rau*, 429 So.2d 593, 595 (Ala.Civ.App. 1982) (finding no evidence of unjust

---

[2]    ZC Sterling, as program manager for Empire, later refunded the premium to Dovenmuehle in 2004 when it was informed, by Dovenmuehle, that the Clarks' property did not require flood insurance. [Aff. of R. Chapman].

5

enrichment where there was no evidence that defendant held property which belonged to plaintiff).

### C. The Clarks' negligence and wantonness claims fail as Empire neither placed their property in the flood zone nor did it force place the flood insurance at issue

In Count Four of their Complaint, the Plaintiffs assert a claim of negligence against all "Defendants" for "negligently or wantonly plac[ing] the Clark's property in a flood zone and force plac[ing] flood insurance coverage on their property." [Complaint, ¶ 32]. It is undisputed that Empire did neither and therefore cannot be liable. Geotrac, and not Empire, is the entity that made the flood zone determination regarding the Clarks' property. [Depo. of A. Clark, p. 218; Aff. of R. Chapman]. Furthermore, Dovenmuehle on behalf of AmSouth is the entity that requested the issuance of the flood insurance on the Clarks' property. [Depo. of A. Clark, pp. 201-202; 325; Aff. of R. Chapman]. Empire therefore owed no duty to the Clarks in relation to these matters and is therefore entitled to judgment as a matter of law on their claims of negligence and wantonness. See *City of Mobile v. Havard*, 268 So.2d 805, 808 (Ala. 1972) (recognizing that the absence of any of the essential elements of negligence, including duty or breach, renders the complaint bad or the evidence insufficient.).

### D. The Clarks admit that Empire never made any fraudulent misrepresentations to them

The Clarks' fraud claim in Count Five is premised upon the allegation that the "Defendants represented to Plaintiffs that their property was in a flood zone, that they had to have flood insurance and if they did not pay for the flood insurance their house would be foreclosed." [Complaint, ¶ 40]. The Clarks admitted that they had no conversations with Empire and that Empire therefore made no misrepresentations to them. [Depo. of A. Clark, pp. 315, 319-320]. In the absence of a misrepresentation, the Clarks' fraud claim fails as a matter of law.

6

See *Boakle v. Bedwell Construction Co., Inc.*, 770 So.2d 1076, 1081 (Ala. 2000) (recognizing that there can be no fraud claim in the absence of a misrepresentation).

V.	**Conclusion**

To the extent that any dispute exists in this case, it does not involve Empire, as Empire made no flood zone determination, made no request for insurance and had no contact with the Clarks. Empire's involvement in this case is limited simply to issuing a policy of lender-placed flood insurance at the request of the lender; accepting the premium for the policy from the lender; canceling such policy upon the lender's request and then refunding to the lender the initial premium paid on the policy. Such facts simply do not create a basis upon which the Clarks can proceed against Empire, and it is entitled to Summary Judgment as to each and every claim asserted against it in the Clarks' Complaint.

   s/ George W. Walker, III
George W. Walker, III (WAL097)
J. David Martin (MAR120)

**Attorney for Defendant**
**Empire Fire and Marine Insurance Company**

**OF COUNSEL:**

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 S. Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:   (334) 834-1180
Facsimile:   (334) 834-3172
Email: walker@copelandfranco.com
Email: martin@copelandfranco.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Douglas M. Bates**
batesatty@graceba.net

**John David Collins**
jcollins@mcglaw.com

**Clifford Wayne Jarrett**
cliffordjarrett@aol.com

**Joseph E. Stott**
jstott@sssandf.com lyoungblood@sssandf.com

**Thomas Werth Thagard, III**
tthagard@mcglaw.com

      s/ George W. Walker, III
      OF COUNSEL