IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
ARTHUR EARL CLARK and wife, )
BARBARA E. CLARK,            )
                             )
    Plaintiffs,              )
                             )         CIVIL ACTION NO.
    v.                       )         1:05cv747-MHT
                             )              (WO)
AMSOUTH MORTGAGE COMPANY,    )
INC., a corporation,         )
et al.,                      )
                             )
    Defendants.              )
```

OPINION AND ORDER

This case arises from the "forced placing of flood insurance" on the plaintiffs' property because it was incorrectly designated as being located in a flood-hazard zone. The plaintiffs have asserted claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., as well as asserted various state-law contract and tort claims. This court has jurisdiction over the federal claims pursuant to 15

U.S.C. §§ 1681p (FCRA) and 1692k(d) (FDCPA) and 28 U.S.C. § 1331 (federal question); it has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C § 1367.

Currently before the court is the plaintiffs' motion seeking denial or delay of the defendants' recently filed motions for summary judgment. Oral argument was conducted on June 22, 2006. The plaintiffs argue that the defendants' summary-judgment motions are premature because the plaintiffs have not had an adequate opportunity to complete discovery. However, the plaintiffs concede that they do not have any outstanding discovery requests; that they have not engaged in any discovery beyond the initial disclosures in the nine months since this court entered, on September 19, 2005, its "uniform scheduling order" setting a discovery-completion deadline of July 26, 2006; and that it will take the plaintiffs another two weeks, until July 6, to

prepare their written-discovery requests, leaving the defendants only three weeks or so to respond.

The court rejects the plaintiffs' motion because they have been on notice for nine months that this case is set for trial on January 8, 2007, and that the discovery deadline is July 26, 2006. The plaintiffs are asking the court to sanction their decision to wait until less than a month before the discovery deadline to squeeze in all the discovery they should have conducted over the last nine months. Further, because the plaintiffs have waited so late to begin discovery, the defendants would not have, without an extension of the discovery deadline (an extension that has not been requested), the 30-day period of time allowed under Federal Rules of Civil Procedure 33 and 34 to respond to these last-minute written-discovery requests; thus, to delay submission of the summary-judgment motions would not really benefit the plaintiffs, for they have waited too late to allow the defendants their allotted time to respond to the plaintiffs'

discovery. The court will not grant the plaintiffs' motion when it is based on nothing but the plaintiffs' own lack of diligence.

Even if this court were inclined to overlook the plaintiffs' dilatoriness and grant their request, the plaintiffs have not complied with the procedural requirements for requesting that the court withhold consideration of a pending summary-judgment motion without further discovery. Federal Rule of Civil Procedure 56(f) governs granting summary judgment before discovery has taken place. It states that:

> "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

Fed. R. Civ. P. 56(f). The Eleventh Circuit Court of Appeals interprets Rule 56(f) to mean that a party opposing summary judgment must inform the court by

affidavit of the particular facts the party expects to discover and explain to the court how these facts will enable that party to rebut the summary-judgment motion by creating a genuine issue of material fact.  <u>Harbert Int'l, Inc. v. James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998); <u>Reflectone, Inc. v. Farrand Optical Co.</u>, 862 F.2d 841, 843-44 (11th Cir. 1989); <u>Cowan v. J.C. Penney Co.</u>, 790 F.2d 1529, 1530 (11th Cir. 1986) (per curiam).  The plaintiffs have not presented the court with the necessary affidavit.

Accordingly, it is ORDERED that the plaintiffs' motion for protective order and denial of defendants' motions for summary judgment as premature (Doc. No. 35) is denied.

DONE, this the 23rd day of June, 2006.

                        /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**