IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK AND ) <br> BARBARA E. CLARK, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> ) <br> AMSOUTH MORTGAGE COMPANY, INC., ) <br> et al. ) <br> ) <br>     **Defendants.** ) | CIVIL ACTION NUMBER <br> 1:05-cv-00747-MHT-VPM |

**REPLY BRIEF OF DEFENDANTS AMSOUTH BANK AND DOVENMUEHLE MORTGAGE, INC. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants AmSouth Bank ("AmSouth") and Dovenmuehle Mortgage, Inc. ("DMI"), by and through their undersigned counsel, hereby submit the following Reply Brief in further support of their Motion for Summary Judgment. For the reasons set forth in their initial submission and herein, Plaintiffs' claims against AmSouth and DMI are foreclosed and barred by the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq. ("NFIA"). Accordingly, AmSouth and DMI are entitled to summary judgment as to all claims asserted in the Complaint.

**INTRODUCTION**

Plaintiffs' response brief manufactures factual disputes, misinterprets controlling authority, and raises red herring issues that have no absolutely nothing to do with the central issue before the Court, namely – whether these defendants are immune from suit pursuant to the NFIA. Indeed, while their response brief exceeds twenty pages, Plaintiffs' sole justification for depriving defendants' of statutory immunity lies in the fact that their property was ultimately

01363425.1

deemed to be just outside of a flood zone. As discussed below, however, this argument is not only illogical, but directly contrary to the plain language and clear intent of 42 U.S.C. § 4014b.

## ARGUMENT

Plaintiffs' first seek to upset summary judgment by manufacturing, through their subjective interpretation of defendants' briefs, a dispute of fact where no dispute exists. For example, Plaintiffs' assert that the identity of the defendant that actually determined that their home was located in a flood zone is in dispute. This is simply untrue. Mark Schnellinger, Service Director Manager for Geotrac, testified in his affidavit that "Geotrac determined that a portion of the Clarks' property was located in a flood zone". (Schnellinger Aff. at p. 2.) DMI and AmSouth, in turn, submitted evidence demonstrating that they received three separate Special Flood Hazard Determinations ("SFHDs") from Geotrac, each of which indicated that plaintiffs' home was located in a flood zone. (AmSouth and DMI's MSJ Brief (Statement of Facts) at ¶¶ 9, 11 and 23).) The SFHDs prepared by Geotrac and submitted to DMI speak for themselves. (See Exhibits B and C to Przybyla Aff.)

Plaintiffs also contend that a dispute of fact exists as to whether the inaccurate flood determination was due to errors contained in the flood maps themselves or, alternatively, an erroneous interpretation of those maps. This is a distinction without a difference. It is undisputed that Geotrac, an approved third-party hazard determination company, provided DMI, in its capacity as loan servicer for AmSouth, three separate SFHDs, backed by "guarantees" of accuracy, indicating that Plaintiffs' home was located in a special flood hazard area. (Przybyla Aff., ¶¶ 4 and 5 and Exs. A, B and C thereto.) In reliance upon these SFHDs and in accordance with the requirements of the NFIA, DMI demanded that Plaintiffs (both of whom are licensed

2

01363425.1

insurance agents) obtain flood insurance coverage and, when they refused to do so, AmSouth advanced $808 for the purchase of such coverage.  See 42 U.S.C. 4012a(e)(1) and (2).

Plaintiffs readily acknowledge that all of their claims arise out of and directly relate to the force placement of flood insurance, but argue (without any supporting authority) that immunity is not available because their home was never actually in a flood zone.  Specifically, Plaintiffs' contend:

> The conduct of The Banks is not contemplated by the National Flood Insurance Act, and thus its conduct is outside any immunity deriving from the Act.  Neither statutory nor case law grants unlimited immunity to these defendants.  The claim that <u>any defendant has a right under federal law to force place flood insurance only comes into existence when the subject property is in a flood zone</u>.

(Plaintiffs' Opposition at p. 17.) (emphasis added)  This argument lacks support in fact, law and common sense.

The NFIA was enacted to provide a unified national program to reduce and avoid losses due to floods by making reasonably priced flood insurance available for residential and commercial properties.  See 42 U.S.C. § 4001(a).  The Federal Emergency Management Administration (FEMA) administers the National Flood Insurance Program.  42 U.S.C. § 4081(a). Recognizing that flood maps will sometimes show property as being within an SFHA, even though the building on the property is actually above the base flood elevation, FEMA has promulgated regulations that allow homeowners to submit elevation materials in support of a Letter of Map Amendment to remove the property or structure from the SFHA.  See 44 C.F.R. § 70 et seq.  By creating a mechanism allowing homeowner's to challenge flood hazard determinations, FEMA clearly recognized that mistakes will be made by either the drafters of the flood maps and/or the determination companies who endeavor interpret those maps.  Since lenders and servicers have no discretion to waive the insurance requirement once secured

3

01363425.1

property is identified as being located in a SFHA, the statute expressly provides that lenders and servicers "**shall not be held liable**" for relying upon a flood determination, so long as the third-party determination company who prepared the SHFD "guaranteed" the accuracy of the information provided. See 42 U.S.C § 4014b. Courts have interpreted this provision to mean exactly what it says – "**an *express denial* of a cause of action by the borrower as against the lender**." Cruey v. First American Flood Data Services, Inc., 174 F.Supp.2d 525 (E.D. Ky 2001) (emphasis added; italics in original).

Notwithstanding Plaintiffs' contentions to the contrary, § 4014b immunity clearly "comes into existence" once a lender or servicer takes action based upon a flood determination, regardless of whether that determination ultimately proves to be inaccurate. Indeed, a lender who places flood insurance on property actually located in a SFHA does not need to seek the protection of the immunity statute. The immunity provisions were designed for situations where, as here, a lender or servicer relies upon a flood determination "guaranteed" by a third-party determination company that ultimately proves to be inaccurate. Moreover, AmSouth and DMI are not seeking "unlimited immunity" as Plaintiffs' suggest, but rather the immunity specifically envisioned by Congress when it mandated that lenders identify and, if necessary, force place flood insurance for secured real estate.

The remainder of Plaintiffs' response brief is devoted to red herring legal arguments such as principles of sovereign immunity, the well pleaded complaint rule, and whether a private right of action exists as to their state law claims. None of the cases cited and relied upon by Plaintiffs address (directly or indirectly) the explicit grant of immunity provided to lenders and servicers pursuant to § 4014b. See Newton v. Capital Assurance Company, 245 F.3d 1306 (11th Cir. 2001) (holding that interest charges against "write-your-own" insurance companies are direct

charges against FEMA – an entity insulated from suit under principles of sovereign immunity) and Custer v. Homeside Lending, Inc., 858 So.2d 233 (Ala. 2003) (upholding summary judgment in favor of mortgagee, court reasons that NFIA establishes the minimum, not the maximum, amount of insurance that may be force placed by a mortgagee). Although the Fifth Circuit in Till v. Unifirst Federal Savings and Loan Assoc., 653 F.2d 152 (5th Cir. 1981) held that the absence of a private right of action under the NFIA does not necessarily preclude a state law cause of action based on a violation of the standard of conduct imposed by federal law, the court determined that it lacked jurisdiction to evaluate the viability of plaintiff's state law claims. Courts that have directly addressed the issue, however, have soundly rejected common law causes of action, based in part on principles of federalism. Mid-Am. Nat'l Bank of Chicago v. First Sav. & Loan Ass'n of S. Holland, 515 N.E.2d 176, 180 (Ill, App. Ct. 1987); R.B.J. Apartments, Inc. v. Gate City Sav. & Loan Ass'n, 315 N.W.2d 284, 289 (N.D. 1982); Bigler v. Cetnerbank Mortgage Co., 1994 WL 711168 (Conn. Super. Ct. Dec. 12, 1994); Wentwood Woodside I. KP v. GMAC Commercial Mortgage Co., 419 F.3d 310, 323 (5th Cir. 2005).

In sum, it is important to recognize that, even if common law causes of action arising out of the force placement of flood insurance are available to Plaintiffs (which defendants' dispute), they cannot pursue those claims without first circumventing the immunity afforded to defendants' pursuant to § 4014b. As discussed above, Plaintiffs' have failed to advance any rationale basis or justification for excluding their claims from the scope of § 4014b – a statute clearly designed to foreclose liability for the very claims Plaintiffs' are asserting. Accordingly, AmSouth and DMI and entitled to summary judgment as a matter of law as to all counts of Plaintiffs' Complaint.

5

## CONCLUSION

By Plaintiffs' own admission, all of their claims arise out of and directly relate to DMI's placement of flood insurance in full compliance with federal law to cover secured real property identified by a third-party determination company as being located in a special flood hazard area. As a result, all of Plaintiffs' claims fall squarely within the broad grant of immunity set forth in 42 U.S.C. § 4014b. Moreover, immediately after receiving notification that the flood determination was inaccurate, DMI reviewed, analyzed, corrected and fully refunded Plaintiffs' mortgage account over one year prior to the date this lawsuit was filed. In fact, Plaintiffs own accountant concedes that all monies were refunded to their mortgage account. (Ex. G to Plaintiffs' Opposition.) Although the accountant states that the refunds were not posted retroactively thereby depriving Plaintiffs of the "avoidance of interest" on advances, DMI records demonstrate that the advances were not capitalized nor was interest charged on the advances. Accordingly, the date of posting of the refunds is irrelevant and Plaintiffs have not been damaged.

For all of these reasons, AmSouth and DMI respectfully request that this Court enter summary judgment in their favor and dismiss each of Plaintiffs' claims with prejudice.

                                                                  s/ John David Collins  
                                                                  Thomas W. Thagard III  
                                                                  John David Collins

                                                                  Attorneys for Defendants Dovenmuehle Mortgage,  
                                                                  Inc. and AmSouth Bank

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.  
1901 Sixth Avenue North  
2400 AmSouth/Harbert Plaza  
Birmingham, Alabama 35203-2602  
(205) 254-1000

01363425.1

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DOUGLAS M. BATES
CLIFFORD W. JARRETT
424 SOUTH OATES STREET SUITE 1
DOTHAN, AL 36301

JOSEPH E. STOTT
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
2450 VALLEYDALE ROAD
P.O. BOX 380548
BIRMINGHAM, AL 35244

GEORGE W. WALKER, III
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 SOUTH PERRY STREET
MONTGOMERY, AL 36014

               s/ John David Collins
               OF COUNSEL