IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
ARTHUR EARL CLARK and wife,   *
BARBER E. CLARK,              *
                              *
      Plaintiffs,             *   CIVIL ACTION NO.
                              *   1-05CV747-MHT-VPM
      v.                      *
                              *
AMSOUTH MORTGAGE COMPANY,     *
INC., a corporation,          *
et al.,                       *
                              *
      Defendants.             *
```

**RESPONSE TO DEFENDANTS AMSOUTH BANK AND DOVENMUEHLE MORTGAGE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

     Plaintiffs Arthur and Barbara Clark ("Clarks") hereby submit this response to Defendants Amsouth Bank and Dovenmuehle Mortgage, Inc.'s "Opposition to Plaintiffs' Motion to Strike" (doc. 64), without waiving any right to oppose, respond to, or move to strike any Supplemental Motion for Summary Judgment. In support of their opposition, Clarks state as follows:

1. These Defendants concede in their Opposition (Par. 2) that their original Motion for Summary Judgment was as to all claims asserted in Plaintiffs' complaint, and that these Defendants' "summary judgment motion was fully briefed."

2. These Defendants allege the Supplemental Brief (doc. 62) was based on new and additional grounds. Plaintiffs have not filed any amended pleading nor have Defendants cited any new changes in law to support this contention. All the grounds alluded to by these Defendants were present and able to be determined prior to the deadlines.

3. Said Supplemental Brief contradicts itself in Paragraph 4 that "this supplemental submission does not rehash Defendant's NFIA immunity arguments." The first paragraph of said brief discusses nothing but the alleged NFIA immunity claimed by these defendants.

4. The original Motion for Summary Judgment (doc. 32 pg. 1 last paragraph) filed by these Defendants specified they were seeking dismissal of all counts.

5. On 7/06/2006 these Defendants filed their "Motion For Leave to File Reply Brief" requesting until July 14 to file said brief. This Brief (doc. 57) was filed 7/19/06 (5 days beyond the deadline). Plaintiffs filed no objection.

6. In said brief (doc 57, page 6, last paragraph) Defendants again state their motion for summary

     judgment is in regards to "each of Plaintiffs' claims".

7. In Paragraph 3 of Defendants' Opposition (doc 64) they state, "AmSouth and DMI submitted a supplement to their pending motion for summary judgment."

8. Such actions on the part of these Defendants should be considered an affront to the Court and no more than a backdoor approach to disregard the Court's timetable.

9. Plaintiffs placed these Defendants on notice that they had failed to address the exact issues they now wish to defend, in their Memorandum of Authorities (doc. 55 pg. 19 first sentence), "The Banks did not specifically address Counts VII (Violation of Fair Credit Reporting Act) and VIII (Violation of the Fair Debt Collection Practices Act)."

10. These Defendants took a calculated risk they would not need to address these issues. Only after the expiration of the extended deadline to file a reply brief did they file anything, and they have not provided any rationale for their failure to do so timely.

11. Defendants Amsouth Bank and Dovenmuehle Mortgage, Inc. failed to make these new arguments in their original Motion for Summary Judgment and they did not raise them in their Reply Brief (doc 57), which was also filed

late. Now after the deadlines have passed and at the last hour they raise these issues for the first time.

12. When confronted with the untimeliness of this filing they attempt to reclassify it and masquerade it as a "Supplemental Motion for Summary Judgment," although its form, title and declarations say it is a reply brief.

13. These Defendants failed to meet the time limits imposed by the Court and are simply seeking an alternate route to bite the apple a second time.

14. Plaintiffs renew their opposition and state Defendants' "Supplemental Brief" is due to be stricken without any consideration by this Court as being untimely filed.

**Respectfully submitted** this the _7th_ Day of September, 2006.


/s/Clifford W. Jarrett
Clifford W. Jarrett (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777


**CERTIFICATE OF SERVICE**


I hereby certify that on September 7, 2006, I electronically filed the forgoing with the Clerk of the Court using CM/ECF

system which will send notification of such filing to the following: Joseph E. Stott, Esq., Thomas W. Thagard, III, Esq., and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the documents to the following Non-CM/ECF participants: <u>NONE</u>.


<u>/s/Clifford W. Jarrett</u>
Clifford W. Jarrett
Of Counsel