IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
ARTHUR EARL CLARK and wife,    *
BARBER E. CLARK,               *
                               *
     Plaintiffs,               *   CIVIL ACTION NO.
                               *   1-05CV747-MHT-VPM
     v.                        *
                               *
AMSOUTH MORTGAGE COMPANY,      *
INC., a corporation,           *
et al.,                        *
                               *
     Defendants.               *
```

**<u>PLAINTIFFS' BRIEF IN SUPPORT OF
THEIR MOTION TO STRIKE (DOC 63)</u>**

COMES NOW THE PLAINTIFFS, through their attorneys of record in the above styled cause, and respectfully submits to the Court their Brief.

As required by Rule 16, *Federal Rules of Civil Procedure*, this Court entered its Uniform Scheduling Order (doc 17) on the 19th day of September, 2005. Said order provides:

1. "These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary and unforeseeable

circumstances." (Page 1, 1st paragraph)

2. "SECTION 2. Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than NINETY (90) DAYS prior to the pretrial hearing. **A brief and <u>all</u> supporting evidence** shall be filed with any such motion."[emphasis added] (Page 2)

3. "SECTION 3. On or before TWENTY-ONE (21) DAYS after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations." (Page 2)

4. SECTION 9. GENERAL PROVISIONS:
   (B) A request or motion for extension of a
   deadline in any court order (i) must be in
   writing; (ii) must indicate that movant has, in a
   timely manner, previously contacted counsel for
   all other parties; and (iii), based on that
   contact, must state whether counsel for all other
   parties agree to or oppose the extension request
   or motion. A request or motion that fails to meet
   this requirement will be denied outright, unless
   the movant offers a credible explanation in the
   request or motion why this requirement has not
   been met. Absent stated unforeseen and unavoidable
   circumstances beyond the control of the movant,
   oral extension requests and motions are not
   allowed, and "eleventh hour" extension requests
   and motions will be denied outright. (Page 3 and
   4)

5. "Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are

binding on the parties." (Page 4)

On 06/14/2006 Defendants Amsouth Bank ("AmSouth") and Dovenmuehle Mortgage, Inc. ("DMI") filed their Motion for Summary Judgment, along with thier brief and supporting evidence.

On 06/15/2006 this Court issued its Order stating, "It is ORDERED that the motion for summary judgment (doc. No. 32) is set for submission, without oral argument, on June 30, 2006, with any opposing brief and evidentiary materials due by said date."

On June 30, 2006 Plaintiffs filed their Memorandum of Authorities and supporting evidence addressing each factual and legal challenge raised by these defendants. Plaintiffs placed these Defendants on notice that they had failed to address the exact issues they now wish to pose for the first time. Plaintiffs' Memorandum of Authorities (doc. 55 pg. 19 first sentence) states, "The Banks did not specifically address Counts VII (Violation of Fair Credit Reporting Act) and VIII (Violation of the Fair Debt Collection Practices Act)."

In response to Plaintiffs' Memorandum of Authorities these Defendants requested leave of the Court to file a

"reply brief" with an extension of time until July 14, although no consultation with opposing counsel was had as required by Section 9 of the Uniform Scheduling Order. Expecting the request was for the purpose of addressing those omitted issues as pointed out in Plaintiffs' Memorandum, Plaintiffs made no objection and the request was granted. These Defendants filed their reply brief five days after the extended deadline on July 19, 2006. Again, Plaintiffs elected not to object.

On 08/31/06, several weeks after the expiration of the extension, Defendants Amsouth Bank and Dovenmuehle Mortgage, Inc. filed their "Supplemental Brief" for the first time addressing those very issues Plaintiff identified as not being addressed.  Plaintiffs immediately filed their Motion to Strike based on untimeliness.

Defendants AmSouth and DMI took a calculated risk they would not need to address these issues. Only after the expiration of the extended deadline to file a reply brief did they file anything. They neither sought seek leave of the Court nor consulted with opposing counsel. They have not provided any rationale to excuse their failure to do so timely.

Not only did Defendants Amsouth Bank and Dovenmuehle Mortgage, Inc. fail to make these new arguments in their original Motion for Summary Judgment, they also failed to raise them in their untimely Reply Brief (doc 57). It is only after the deadlines have passed and at the last minute do they raise these issues.

Rule 16 *Federal Rules of Civil Procedure* in part provides: (b)(6)"A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." (e)"The order following a final pretrial conference shall be modified only to prevent manifest injustice." Subsection (f) provides for sanctions for failure to comply with the scheduling order.

Rule 56(c), *Federal Rules of Civil Procedure* requires that a motion for summary judgment shall be served "at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits." Subsection (e) requires supporting affidavits to be made on personal knowledge with copies of all papers or parts thereof referred to in such affidavit being attached.

The standard in our Circuit is the non-movant must have

time to review any evidence and or legal arguments presented by the movant. The movant should include all supporting documentation and evidence with its Motion for Summary Judgment. These issues were addressed in *Donaldson v. Clark*, 786 F.2d 1570, (11th Cir. 1986).

> Rule 56 contemplates that a party moving for summary judgment will submit materials in support of the motion at the time the motion is made. The notice and hearing requirement of Rule 56(c) requires that, once a party moves for summary judgment or a motion to dismiss is converted into a motion for summary judgment, the adverse party be given at least 10 days' advance notice that the motion for summary judgment, and all materials in support of or in opposition to the motion, will be taken under advisement on a certain day. See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). The purpose of this requirement is to insure that the non-moving party be afforded a reasonable opportunity to present, by way of affidavit or otherwise, anything necessary to rebut the submissions of the moving party. See Davis v. Howard, 561 F.2d 565, 571 (5th Cir. 1977).

It is well established that the Court has the discretion to strike not only the Defendants' Supplemental Brief, but also any evidence it may want to present at such late time. In *First National Life Insurance Co. v. California Pacific Life Insurance Co.*, 876 F.2d 877 (11th Cir. 1989) our Circuit held that the failure of the movant to timely submit evidence was inexcusable negligence, saying

as follows:

> The district court held that FNL's failure to timely submit evidence for the court to consider on summary judgment amounted to inexcusable neglect. The court, therefore, denied FNL's motion under 60(b)(1) because FNL failed to demonstrate that the proffered materials could not have been provided earlier. . . .
>
> Nothing prevented FNL from submitting such materials in a timely manner. We therefore find the district court properly denied FNL's motion to supplement its motion for summary judgment based on FNL's counsel's inexcusable neglect. . . .
>
> FNL is blameworthy for not fully developing its case and its counsel has failed to demonstrate in what ways FNL was prevented from presenting its case. . . .
>
> Although the court recognized that an expert could be of substantial assistance in its reliability determination, it concluded that adherence to its already twice-continued trial schedule was of greater importance in this case, given Quiet's lack of diligence in pursuing its challenge. **Indeed, under these circumstances the district court was not obligated to consider appellant's evidentiary challenge at all.** See generally American Simmental Ass'n v. Coregis Ins. Co., 282 F.3d 582, 588 (8th Cir. 2002) (holding that where a party raised an affirmative defense "for the first time in its renewed motion for summary judgment, brought on the eve of trial after the deadline for filing summary judgment motions had passed. . . . [T]he district court acted well within its discretion in declining to consider the issue"); Alfred v. Caterpillar, Inc., 262 F.3d 1083, 1087 (10th Cir. 2001) ("[B]ecause Daubert generally contemplates a 'gatekeeping' function, not a 'gotcha' [f]unction, [our caselaw] permits a district court to reject as untimely Daubert motions raised late in the trial process; only in

>rare circumstances will such tardy motions . . . be warranted."); United States v. Rinchack, 820 F.2d 1557, 1564 (11th Cir. 1987) ("A trial court is not required to grant an eleventh hour request for [expert services under 18 U.S.C. §] 3006A(e) . . . , particularly where the delay in making the request is unjustified and would require a continuance of the hearing and/or trial."). [Emphasis added.]

In *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333 (11th Cir. 2003) our circuit addressed the issue of the standard of review for evaluating claims concerning District Court abuse of discretion and declared,

>In Hashwani v. Barbar, we adopted a four part standard for evaluating claims that a district court abused its discretion by denying a request for a continuance. We held: First, we consider the extent of appellant's diligence in his [or her] efforts to ready his [or her] defense prior to the date set for hearing.
>Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial. 822 F.2d 1038, 1040 (11th Cir. 1987) (quoting United States v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir.1985)). In applying this standard, we should be mindful that [t]he denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable.

Defendants AmSouth and DMI insist upon having the last

opportunity to present their argument to the Court in support of its Motion for Summary Judgment. In *Burns v. Gadsden State Community College*, 908 F.2d 1512 (11th Cir. 1990) our Circuit has held this tactic is not in keeping with the spirit or the letter of Rule 56(c) *Fed. R. C. P.* and gave the following explanation:

> The courts have uniformly held that the purpose of Rule 56(c) is to permit the nonmoving party a reasonable and meaningful opportunity to challenge a motion for summary judgment. See, e.g., Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985) (holding that the rules of procedure are structured to provide the non-movant with substantially more time for filing affidavits than the moving party because the nonmoving party should have an opportunity to examine and reply to the moving party's papers before the court considers them); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982) (district court cannot act on a motion for summary judgment without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion and that demonstrate a genuine issue of material fact); Winbourne v. Eastern Air Lines, Inc., 632 F.2d 219 (2d Cir. 1980) (purpose of Rule 56(c) is to permit nonmoving party a meaningful opportunity to challenge motion for summary judgment). ...
>
> [T]he court must give at least 10 days notice to the non-movant. The reasons for such a requirement "are premised on the fact that disposition of a case on summary judgment grounds represents a final adjudication on the merits. It forecloses subsequent litigation on the matter; it is accordingly important that proper notice be given so as to insure opportunity to present every factual and legal argument available." Griffith,

>772 F.2d at 825 n. 4 (citing Finn v. Gunter, 722
>F.2d 711, 713 (11th Cir. 1984)).

According to *F.R.C.P.* Rule 56(c), when filing a Motion for Summary Judgment, the burden is initially on the moving party to put forth its factual and legal arguments establishing there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. After the moving party has filed all of its evidence and supporting affidavits the burden shifts to the non-movant to offer any supporting evidence to show there is a genuine issue as to a material fact. These Plaintiffs have complied with these requirements and have not objected to the first reply brief previously filed by these Defendants.

After being confronted with their untimeliness these Defendants attempted to label its "Supplemental Reply Brief" as a "Supplemental Motion for Summary Judgment". Even if the Court should somehow reclassify this brief as a Motion, This Court's Scheduling Order provides, "'eleventh hour' extension requests and motions will be denied outright". Surely, the Supplemental Reply Brief by any name filed on the last day allowed for dispositive motions at 4:04 PM, 08/31/2006 is exactly what our Scheduling Order prohibits.

Other deadlines are fast approaching including that of

the required settlement conference. The likelihood of any meaningful settlement negotiations is slim while the enormous legal question of blanket immunity for these Defendants remains unanswered. Any further delay concerning the pending Motion for Summary Judgment will work to unduly delay these proceedings and cause additional expense to Plaintiffs. Defendants' "Supplemental Reply Brief" was filed more than six weeks after the extended deadline, without leave of the Court and is contrary to Rule 56, *Fed. R.C.P.*

Defendants' supplemental brief violates Rule 56, *Fed. R.C.P.* and is due to be denied. Further, it is time-barred in that it was filed after the once-extended deadline. For the reasons cited above, the "Supplemental Reply Brief" is due to be stricken and not to be considered by this Court. Respectfully submitted this the 15th Day of September, 2006.

/s/Clifford W. Jarrett
Clifford W. Jarrett (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed the forgoing with the Clerk of the

Court using CM/ECF system which will send notification of such filing to the following: Joseph E. Stott, Esq., Thomas W. Thagard, III, Esq., and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the documents to the following Non-CM/ECF participants: <u>NONE</u>.

<u>/s/Clifford W. Jarrett</u>
Clifford W. Jarrett
Of Counsel