IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
ARTHUR EARL CLARK and wife,   *
BARBARA E. CLARK,             *
                              *
     Plaintiffs,              *   CIVIL ACTION NO.
                              *   1-05CV747-MHT-VPM
     v.                       *
                              *
AMSOUTH MORTGAGE COMPANY,     *
INC., a corporation,          *
et al.,                       *
                              *
     Defendants.              *
```

**PLAINTIFFS' BRIEF SUPPORTING MOTION TO STRIKE (doc. 67) DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT(doc 65)**

COMES NOW THE PLAINTIFFS, through their attorneys of record in the above styled cause, and respectfully submit to the Court their Brief.

As required by Rule 16, *Federal Rules of Civil Procedure*, this Court entered its Uniform Scheduling Order (doc 17) on the 19th day of September, 2005. Said order provides:

1. "These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary and unforeseeable

circumstances." (Page 1, 1st paragraph)

2. "SECTION 2. Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than NINETY (90) DAYS prior to the pretrial hearing. **A brief and <u>all</u> supporting evidence** shall be filed with any such motion."[emphasis added] (Page 2)

3. SECTION 9. GENERAL PROVISIONS:
(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright. (Page 3 and 4)

4. "Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties." (Page 4)

On 06/14/2006 Defendants Amsouth Bank ("AmSouth") and Dovenmuehle Mortgage, Inc. ("DMI") filed their Motion for Summary Judgment, along with their brief and supporting evidence.

On 06/15/2006 this Court issued its Order stating, "It is ORDERED that the motion for summary judgment (doc. No. 32) is set for submission, without oral argument, on June 30, 2006, with any opposing brief and evidentiary materials due by said date."

On June 30, 2006 Plaintiffs filed their Memorandum of Authorities and supporting evidence addressing each factual and legal challenge raised by these defendants. Said pleadings challenged many of the Defendants' "undisputed facts" as well as legal interpretation and evidence. Plaintiffs placed these Defendants on notice that they had failed to address the exact issues they now wish to pose for the first time. Plaintiffs' Memorandum of Authorities (doc. 55 pg. 19 first sentence) states, "The Banks did not specifically address Counts VII (Violation of Fair Credit Reporting Act) and VIII (Violation of the Fair Debt Collection Practices Act)."

In response to Plaintiffs' Memorandum of Authorities these Defendants requested leave of the Court to file a "reply brief" with an extension of time until July 14, although no consultation with opposing counsel was had as required by Section 9 of the Uniform Scheduling Order.

Expecting the request was for the purpose of addressing those omitted issues as pointed out in Plaintiffs' Memorandum, Plaintiffs made no objection and the request was granted. These Defendants filed their reply brief five days after the extended deadline on July 19, 2006. Again, Plaintiffs elected not to object.

On 08/31/06, several weeks after the expiration of the extension, Defendants Amsouth Bank and Dovenmuehle Mortgage, Inc. filed their "Supplemental Brief" for the first time addressing those very issues Plaintiff identified as not being addressed. Plaintiffs immediately filed their Motion to Strike based on untimeliness.

Defendants AmSouth and DMI took a calculated risk they would not need to address these issues. Only after the expiration of the extended deadline to file a reply brief did they file anything. They neither sought seek leave of the Court nor consulted with opposing counsel. They have not provided any rationale to excuse their failure to do so timely.

Not only did Defendants Amsouth Bank and Dovenmuehle Mortgage, Inc. fail to make these new arguments in their original Motion for Summary Judgment, they also failed to

raise them in their untimely Reply Brief (doc 57).

Rule 16 *Federal Rules of Civil Procedure* in part provides: (b)(6)"A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." (e)"The order following a final pretrial conference shall be modified only to prevent manifest injustice." Subsection (f) provides for sanctions for failure to comply with the scheduling order.

Rule 56(c), *Federal Rules of Civil Procedure* requires that a motion for summary judgment shall be served "at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits." Subsection (e) requires supporting affidavits to be made on personal knowledge with copies of all papers or parts thereof referred to in such affidavit being attached. In this case there are NO attachments, only references to everything in the file. Not only does this fail to meet the requirements of the rule, it fails to identify which laws, facts and/or evidence are in question.

The standard in our Circuit is the non-movant must have time to review any evidence and/or legal arguments presented by the movant. The movant should include all supporting

documentation and evidence with its Motion for Summary Judgment. These issues were addressed in *Donaldson v. Clark*, 786 F.2d 1570, (11th Cir. 1986).

> Rule 56 contemplates that a party moving for summary judgment will submit materials in support of the motion at the time the motion is made. The notice and hearing requirement of Rule 56(c) requires that, once a party moves for summary judgment or a motion to dismiss is converted into a motion for summary judgment, the adverse party be given at least 10 days' advance notice that the motion for summary judgment, and all materials in support of or in opposition to the motion, will be taken under advisement on a certain day. See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). The purpose of this requirement is to insure that the non-moving party be afforded a reasonable opportunity to present, by way of affidavit or otherwise, anything necessary to rebut the submissions of the moving party. See Davis v. Howard, 561 F.2d 565, 571 (5th Cir. 1977).

This standard was again stated *in Spraggins V. Knauf Fiber Glass GMBH, Inc.*, 401 F. Supp. 2d 1235, 1236 (M.D. Ala. 2005) where this Court set forth the standard of Review for Summary Judgment as follows:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56, **the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper**. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d

> 265 (1986); *see also Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115-17 (11th Cir.1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed.R.Civ.P. 56(e).
>
> The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). [Emphases added.]

In its Supplemental Motion for Summary Judgment these Defendants are attempting to bring up all the arguments already pending in its first Motion for Summary Judgment. They also attempt to include in this new motion the contents of documents that have pending Motions to Strike. It is unclear to Plaintiffs if the new arguments raised there-in are to be part of the untimely filed Supplemental Motion for Summary Judgment. This effectively fails to place Plaintiffs on notice as to what is going to be submitted to the Court, and fails to comply with the requirements of the rules as stated above.

The required settlement conference deadline has already been extended to an undetermined future date. Defendants' Supplemental Motion for Summary Judgment was filed after the

deadline, without leave of the Court and is contrary to Rule 56, *Fed. R.C.P.* In *Young v. City of Palm Bay, Florida*, 358 F.3d 859 (11th Cir. 2004), our Circuit has upheld the authority of the District Courts to enforce their scheduling orders.

> [35] In the courts, there is room for only so much lenity. The district court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket. Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline. ...
> [36] A district court must be able to exercise its managerial power to maintain control over its docket. See *In re Air Crash Disaster at Florida Everglades* on Dec. 29, 549 F.2d 1006, 1012 (5th Cir. 1977). This power is necessary for the court to administer effective justice and prevent congestion.

Defendants' Supplemental Motion for Summary Judgment violates Rule 56, *Fed. R.C.P.* and is due to be denied. As stated above one of the purposes of Rule 56 Fed. R.C.P. is to give the non-movant ample time to review all materials submitted and then respond. The Supplemental Motion for Summary Judgment attempts to rehash "the pleadings, the affidavit testimony and deposition transcripts attached to their June 14, 2006 evidentiary submission, and the supplemental brief submitted on August 31, 2006." (Defendants' Supplemental Motion for Summary Judgment, p.1, 1st paragraph, line 4.) Further, it is time-barred in that

it was filed after the deadline. For the reasons cited above, the motion is due to be stricken and not to be considered by this Court.

Respectfully submitted this the 28th Day of September, 2006.

/s/Clifford W. Jarrett
Clifford W. Jarrett (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777

## CERTIFICATE OF SERVICE

 I hereby certify that on September 28, 2006, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: Joseph E. Stott, Esq., Thomas W. Thagard, III, Esq., and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the documents to the following Non-CM/ECF participants: NONE.

/s/Clifford W. Jarrett
Clifford W. Jarrett
Of Counsel