**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| ARTHUR EARL CLARK and wife, * | |
| BARBARA E. CLARK, * | |
| * | |
| Plaintiffs, * | CIVIL ACTION NO. |
| * | 1-05CV747-MHT-VPM |
| v. * | |
| * | |
| AMSOUTH MORTGAGE COMPANY, * | |
| INC., a corporation, * | |
| et al., * | |
| * | |
| Defendants. * | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR LEAVE**
**and**
**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY BRIEF**

COME NOW the Plaintiffs, Arthur E. Clark and Barbara E. Clark (collectively "the Clarks"), through their undersigned attorney of record and object to Defendants' AmSouth Bank and Dovenmuehle Mortgage, Inc. (collectively "the Banks") Motion for Leave (doc. 78). Plaintiffs further move the Court to strike the Defendants' Reply Brief (doc 78). They state in support thereof as follows:

1. The Supplemental Motion for Summary Judgment was set for submission on the 28th day of September, 2006.

2. The Banks filed their Motion for Leave on the 6th day of October, 2006, without any request for an extension of the deadline and without consultation with other

parties to the case.

3. The Court's Scheduling Order in Section 9(B) provides "A request or motion for extension of a deadline in any court order must ... indicate that movant has, in a timely manner, previously contacted counsel for all other parties;" and "based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met."

4. Section 2 of said order provides, "A brief and all supporting evidence shall be filed with any such [dispositive] motion."

5. Said Reply Brief displays a complete disregard for the principals of Rule 56 *F.R.C.P.* as expressed by the Clarks in their previous Memoranda and Briefs (doc's. 73, 75 and 76.) In the interest of brevity the arguments already made are not being repeated in their entirety here, but are incorporated by reference as thought they were. In summary, Rule 56 *F.R.C.P.*

provides the non-movant a ten day window to respond to all factual and legal arguments presented by the movant. It is imperative the non-movant is given meaningful opportunity to respond to all factual and legal arguments prior to the Court hearing the motion. [See *Burns v. Gadsden State Community College*, 908 F.2d 1512 (11th Cir. 1990) as quoted extensively in Clarks' Brief (doc #73) on page 9.]

6. The Banks have once again shown a total disregard for this Court's Scheduling Order and other deadlines. They insist upon having the final argument.

7. The Supplemental Motion for Summary Judgment and the Memorandum in Opposition having been filed, the matter was submitted for the Court's consideration. All further submissions by any party simply are prohibited by the *Federal Rules of Civil Procedure*.

8. For the reasons set forth above and in the previously filed briefs/memoranda on this subject the Defendants' Motion for Leave is due to be denied.

9. For the reasons cited above, the Brief is due to be stricken and not to be considered by this Court.

Respectfully submitted this the _9th_ Day of October, 2006.

/s/Clifford W. Jarrett
Clifford W. Jarrett (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2006, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: Joseph E. Stott, Esq., Thomas W. Thagard, III, Esq., and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the documents to the following Non-CM/ECF participants: NONE.

/s/Clifford W. Jarrett
Clifford W. Jarrett
Of Counsel