IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK and ) <br> BARBARA E. CLARK ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMSOUTH MORTGAGE CO., INC.; ) <br> DOVENMUEHLE MORTGAGE, INC.; ) <br> GEOTRAC INFORMATION SYSTEM ) <br> SPECIALIST, and EMPIRE FIRE AND ) <br> MARINE INSURANCE COMPANY, ) <br> ) <br> Defendants. ) | CIVIL ACTION NUMBER <br> 1:05-CV-00747-MHT-VPM |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on November 29, 2006, wherein the following proceedings were held and actions taken:

    1.    <u>PARTIES AND TRIAL COUNSEL</u>:

| <u>Plaintiffs:</u> | <u>Counsel:</u> |
|---|---|
| Arthur Clark and Barbara Clark | Clifford W. Jarrett, Esq. and <br> Douglas M. Bates, Esq. |
| <u>Defendants:</u> | <u>Counsel:</u> |
| AmSouth Mortgage Co., Inc. | Thomas W. Thagard, III, Esq. and <br> John David Collins, Esq. |
| Geotrac, Inc. | Joseph E. Stott, Esq. |
| Dovenmuehle Mortgage., Inc. | Thomas W. Thagard, III, Esq. and <br> John David Collins, Esq. |

COUNSEL APPEARING AT PRETRIAL HEARING: Same as trial counsel.

2.  JURISDICTION AND VENUE: This lawsuit was filed pursuant to 15 U.S.C. § 1601 *et seq*., otherwise known as the Fair Credit Reporting Act, and 15 U.S.C. § 1692 *et. seq.,* otherwise known as the Fair Debt Collection Practices Act. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367. All parties stipulate that jurisdiction and venue are proper in the United States District Court for the Middle District of Alabama, Southern Division.

3.  PLEADINGS: The following pleadings and amendments were allowed: Summons and Complaint of Plaintiffs filed June 22, 2005; Answer of Defendant Geotrac, Inc. filed on September 1, 2005; Answer of Defendant Dovenmuehle Mortgage, Inc. filed on August 15, 2005; Answer of Defendant AmSouth Bank filed on August 8, 2005; Amended Answer of Defendant Dovenmuehle Mortgage, Inc. filed on December 7, 2005; Amended Answer of Defendant AmSouth Bank filed on December 7, 2005.

4.  CONTENTIONS OF THE PARTIES:

    (a)  The Plaintiffs:

1.  The Clarks' property was negligently, wantonly and falsely identified as being inside a Federal Emergency Management Agency (FEMA) established flood zone by one or more of the named Defendants.

2.  The contract with Geotrac provides the existence of either a direct or indirect contractual relationship between these parties and Plaintiffs.

3. As a direct result of these contracts certain benefits inure to plaintiffs.

4. Relying on the Defendants' fraudulent assertions that Plaintiffs' property was in a flood zone, Plaintiffs sought flood coverage with ALFA Insurance Company.

5. The ALFA agent informed them that to purchase the coverage, ALFA had to have additional documentation concerning the flood level threat since it appeared to ALFA the property was outside any special hazard flood zone.

6. Mr. Clark further investigated the matter and determined that an error had been made as related by ALFA.

7. He timely notified AmSouth that the property was not in a flood zone and therefore he could not obtain flood insurance.

8. AmSouth, Dovenmuehle and Geotrac continued to falsely represent to Plaintiffs that their property was in a flood zone, demanded that they provide flood insurance and if they did not, AmSouth would force place the insurance.

9. In further reliance on Defendants' statements, Clarks sought to obtain a Letter of Map Amendment (LOMA) which is a FEMA designation removing any question as to whether a specific parcel on a FEMA map is in a flood zone.

10. The Clarks believed Defendants had a FEMA determination their house was inside the flood zone, as AmSouth had told them.

11. Clarks hired a private firm, Polyenginering, to do the required survey to apply for the LOMA to get the property out of the FEMA flood zone.

12. The Clarks continued to timely make their regular monthly mortgage installments.

      AmSouth and Dovenmuehle threatened the Clarks with foreclosure if they did not pay for the flood insurance.

13. The Clarks feared this would be done and yielding to AmSouth's extortion, tendered the payment under protest.

14. Over the time span of the above, AmSouth received the payments made by the Clarks and either deliberately or accidentally failed to timely post them.

15. When they were posted some of the funds were not credited against the principal, interest or even the escrow account, resulting in additional interest and other bank charges being made against the Clarks.

16. On March 8, 2004 AmSouth issued a Notice of Default along with a letter of delinquent account to the Clarks.

17. The Clarks disputed these charges and refused to pay them.

18. In spite of Plaintiffs' repeated communications with AmSouth disputing the amount owed, AmSouth and/or Dovenmuehle reported this account as delinquent to the credit bureaus, causing a negative effect on the Clarks' credit report.

19. AmSouth instituted foreclosure actions.

20. In order to protect themselves from being homeless, the Clarks made the demanded payments under protest.

21. On or about May 28, 2004 Geotrac admitted that the property was never in a flood zone as the Clarks has always contended and AmSouth issued the Clarks a letter admitting it.

22. AmSouth and/or Dovenmuehle breached the implied covenant of good faith and fair dealing and converted money from the Clarks.

23. AmSouth failed to properly investigate the matter.

24. Plaintiffs were damaged in that:

    a. They were caused to spend time and money in an effort to satisfy the Defendants their property was not in a flood zone,

    b. They were caused to expend sums of money paying charges wrongfully lodged against them by the Defendants,

    c. They were caused to fear their house would be foreclosed and they would be homeless,

    d. They were caused to suffer stress, mental anguish and anxiety and

    e. Their credit reputation was impaired and they were denied credit.

25. The Clarks were a direct third party beneficiary of said contracts between all three defendants, in that such a determination would make government backed insurance available, mandate the purchase of such insurance or declare there was no need for such insurance.

26. AmSouth and Dovenmuehle violated the provisions of the Fair Credit Reporting Act, 15 USC Sections 1601 *et seq.* by failing to investigate the credit transactions which had been disputed by the Clarks.

27. They failed to correct false and erroneous credit information and billing errors.

28. AmSouth and Dovenmuehle further violated said Fair Credit Reporting Act by

reporting false credit information on the Clarks to credit bureaus and credit collecting agencies.

29. The purpose of the National Flood Insurance Act, as defined in 42 U.S.C. § 4001 *et seq.* (NFIA), is to provide a federally subsidized flood insurance program for the benefit of the public.

30. The primary purpose of the flood-program legislation is to reduce the massive burden on the national treasury resulting from escalating federal expenditures for flood-disaster relief.

31. It does not grant immunity to the lender or its agents for acts that would be considered a crime or a tort under state or federal law.

32. If Congress wished to establish immunity it would have expressly done so.

33. The National Flood Insurance Act, 42 U. S. C. § 4001, *et seq.* (NFIA) applies only when the property in question "has been identified by the Director as an area having special flood hazards." [42 U. S. C. § 4012(a) lines 4 and 5.]

34. In the instant case the Director has never done so. Therefore, the NFIA has no bearing on this case.

35. Lenders have a duty to properly identify structures within a special flood hazard zone (SFHZ).

36. Geotrac and/or Amsouth and/or Dovenmuehle negligently identified Plaintiffs' home as the one in the flood zone.

37. There was no good faith effort by AmSouth or Dovenmuehle to identify their mistake

or correct it until after Plaintiffs were damaged, even though Plaintiffs repeatedly pleaded with them for information and assistance in resolving this dispute.

38. The maps were never in error.

39. The error was in the Defendants' interpretation of the events depicted on the maps.

40. This was corrected only after the passage of more than ten months of hard work, mental anguish and near financial ruin of the Clark family.

41. A service agreement existed between Geotrac and Dovenmuehle Funding, Inc. with guarantees of accuracy on its determinations of structures being within a flood zone.

42. Alabama law only requires that one for whose benefit a valid contract has been made may maintain an action on the contract against the promissor, even without the injured party having provided any consideration.

43. The negligence claim is based on Alabama common law. Although a negligence claim can not be based on the failure to perform a term of a contract, it can be based on the negligent performance by a party once they undertake performance.

44. Plaintiffs need not establish to what degree each defendant acted to harm them since each is liable for the damages, and the negligence of each is considered the proximate cause of the injury producing the damages.

45. Under the terms of that contract Geotrac provided such information.

46. Defendants advised Plaintiffs they must obtain a LOMA and provide flood insurance while doing so.

47. The Defendants demanded the Clarks pay additional money or their home would be

foreclosed.

48. Under this threat the Clarks tendered additional funds under protest.

49. The elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence.

50. Plaintiffs' property is not, nor was it ever in a flood zone; therefore the provisions of the NFIA, 42 U.S.C. § 4104(a) never apply.

51. The mere existence of a Federal Act does not grant immunity.

52. A federal statue can be used to establish an element of a state law claim.

53. The conduct of these Defendants is not contemplated by the NFIA, and thus their conduct is outside any alleged immunity deriving from the Act.

54. Neither statutory nor case law grants unlimited immunity to these defendants.

55. NFIA places a duty on lenders to make a valid and correct determination that structures are within a flood zone.

56. These Defendants breached that duty.

57. That breach is the gravamen of Plaintiffs' negligence and wantonness claims against them.

58. Plaintiffs' payments were not applied timely toward their account as required by 15 USC Sec. 1666(c).

59. 15 USC Sec. 1640 provides for damages including actual losses, costs and attorney

fees.

60. Plaintiffs' account has not been fully reviewed, analyzed, corrected or completely refunded by the Defendants.

61. Plaintiffs lost the use of their money during the time it has been improperly held by the Defendants.

62. The Defendants made false reports to credit reporting agencies that negatively affected Plaintiffs' credit and violated 15 USC 1692(e), in that they failed to communicate that the negative credit information was being disputed.

63. Plaintiffs' credit, health, and finances have been harmed by Defendants' acts.

64. Their account with AmSouth bank still has not been fully credited and they are entitled to an award of damages against each defendant jointly and severable.

65. They are also entitled to recoup their costs and payment of their attorney fees.

66. The Plaintiffs adopt all claims as pled in their Complaint and pending Memorandums of Authorities and Briefs filed in response to all filed and pending Motions for Summary Judgment.

    (b)    Defendant Geotrac, Inc.: (1) the Defendant denies that it had any contract with the Plaintiffs; (2) the Defendant denies that the Plaintiffs are entitled to third party beneficiary status as an alleged beneficiary of the contract between Geotrac, Inc. and Dovenmuehle/AmSouth; (3) the Defendant denies that it breached any duty owed to the Plaintiffs; (4) the Defendant denies that it breached its contract with Dovenmuehle/AmSouth; (5) the Defendant denies that it was negligent in any way in carrying out its contractual duties

to AmSouth/Dovenmuehle; (6) the Defendant submits that it is entitled to immunity under the Federal Flood Insurance Act with regard to the allegations made against it; (7) the Defendant pleads contributory negligence; (8) the Defendant denies that the Plaintiffs have suffered any damages; (9) to the extent that the Plaintiffs have suffered any damages, all such damages have been paid by a collateral source; (10) the Defendant avers that any and all alleged state law/common law claims are preempted by federal law; and (11) the Defendant adopts all defenses as pled in its pending Motion for Summary Judgment.

(c)     Defendants AmSouth Bank and Dovenmuehle Mortgage, Inc.:  (1) Defendants submit that they are entitled to immunity under the Federal Flood Insurance Act with regard to all allegations made against them; (2) Defendants deny that they violated the provisions of the Fair Credit Reporting Act and deny that they received notice of a dispute from a credit reporting agency; (3) Defendants deny that they breached the terms of the Note and Mortgage; (4)  Defendants deny that they breached any duty owed to the Plaintiffs; (5) Defendants deny that they were negligent in any way in requiring Plaintiffs to purchase flood insurance; (6) Defendants deny that they were unjustly enriched and state that Plaintiffs' claim for unjust enrichment is barred by the existence of an express contract between the parties; (7) Defendants deny that they converted Plaintiffs' funds to their own use and state that an action will not lie for the conversion of money; (8) Defendants contend that Plaintiffs' tort claims are subsumed within their claim for breach of contract; (9) Defendants deny that they made any misrepresentations to Plaintiffs; (10) Defendant AmSouth denies that it is a "debt collector" subject to liability under the Fair Debt Collection Practices Act; (11)

Defendant Dovenmuehle denies that it violated the Fair Debt Collection Practices Act and denies that Plaintiffs have alleged any conduct falling within the scope of the statute; (12) Defendants plead contributory negligence; (13) Defendants deny that the Plaintiffs have suffered any damages; (14) to the extent that the Plaintiffs have suffered any damages, all such damages have been paid by a collateral source; (15) Defendants aver that any and all alleged state law/common law claims are preempted by federal law; and (16) the Defendants adopt all defenses as pled in their Answer to Complaint and pending Motions for Summary Judgment.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

    1.    The Plaintiffs are owners of certain residential property located at 8530 South County Road 55, Cottonwood, Houston County, Alabama 36320.

    2.    The mortgage on the Plaintiffs' property was, at all times relevant, held by AmSouth Bank ("AmSouth").

    3.    Dovenmuehle Mortgage, Inc. ("Dovenmuehle") sub-serviced Plaintiff's mortgage (performed servicing duties) on behalf of AmSouth.

    4.    Dovenmuehle entered into a Service Agreement ("Contract") with Geotrac, Inc. ("Geotrac"), a third-party hazard determination company, to identify secured real estate located in flood zones.

    5.    The authenticity, terms and conditions of the Contract between Geotrac and Dovenmuehle are not in dispute.

6. Geotrac performed a flood zone determination with respect to Plaintiffs' property.

7. The Contract allows Geotrac to perform its flood zone determination by referencing maps created by outside sources, such as FEMA and Houston County, Alabama.

8. In December 2002, July 2003 and December 2003, Geotrac informed Dovenmuehle that a structure on the Plaintiffs' parcel of land, as identified in the Houston County Tax Maps and FEMA Flood Maps, was in a federally designated flood zone.

9. By letter dated July 17, 2003, Dovenmuehle wrote to Plaintiffs to advise that (1) their property is located within a flood zone, (2) flood insurance is required pursuant to both their mortgage and federal law, and (3) if they refused to promptly obtain flood insurance coverage, Dovenmuehle would take statutorily required action to obtain flood insurance on Plaintiffs' behalf.

10. Plaintiffs disputed that their property was located in a flood zone, refused to purchase flood insurance, and requested that Dovenmuehle waive the flood insurance requirement.

11. Dovenmuehle refused to waive the requirement for flood insurance and advanced monies for the purchase of a flood insurance policy.

12. The monies advanced by Dovenmuehle for the purchase of flood insurance increased Plaintiffs' monthly payment obligation.

13. Plaintiffs refused to submit increased payments to cover the cost of flood insurance and, as a result, they began to receive monthly correspondence advising that their loan was in default and that late charges and other fees were accruing.

14. There were never any representations made by Geotrac directly to the Plaintiffs.

15. The Plaintiffs never made any direct payment to Geotrac, Inc. for any service.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last one and one-half (1 1/2) days, are set for January 8, 2007, at 10:00 a.m., at the Federal Courthouse in Dothan, Alabama;**

**(2) The parties are to file their pre-trial briefs by January 3, 2007;**

**(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;**

**(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;**

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 30th day of November, 2006.

                                      /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**