IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR EARL CLARK and ) <br> BARBARA E. CLARK ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMSOUTH MORTGAGE CO., INC.; ) <br> DOVENMUEHLE MORTGAGE, INC.; ) <br> GEOTRAC INFORMATION SYSTEM ) <br> SPECIALIST, and EMPIRE FIRE AND ) <br> MARINE INSURANCE COMPANY, ) <br> ) <br> Defendants. ) | CIVIL ACTION NUMBER <br> 1:05-CV-00747-MHT-VPM |

### MOTION TO RECONSIDER

**COMES NOW** the Defendant, Geotrac Inc., incorrectly designated in the Plaintiffs' Complaint as "Geotrac Information System Specialist," and pursuant to Rule 59e of the Federal Rules of Civil Procedure hereby requests that this Court reconsider its Order of January 3, 2007. As grounds therefore, it states the following:

### Introduction

In its January 3rd order, this Court granted a full and final summary judgment as to Defendants AmSouth Bank and Dovenmuehle Mortgage. It also granted partial summary judgment for Defendant Geotrac, Inc. on all claims of the Plaintiffs' complaint except for those brought under state-law causes of action for negligence, breach of contract, breach of duty to a third-party beneficiary, and fraud. The Court then remanded these remaining

claims to state court due the fact that it felt that the determination of these issues was based on an unsettled area of Alabama law.

Defendant Geotrac now moves for reconsideration of both the decision to remand these claims and the decision to abstain from ruling on them on several grounds. First, in destroying the federal question jurisdiction which allowed initial removal of the case, the Court created diversity jurisdiction which Defendant Geotrac is not certain it will be able to now reassert at this stage of litigation. Second, regardless of whether diversity jurisdiction now exists, the Court should nonetheless discretionarily exercise pendant or supplementary jurisdiction and rule on the remaining matters to avoid bringing undue prejudice, expense and delay upon Defendant Geotrac. Finally, while Defendant Geotrac does not believe the issues of federal immunity and preemption to be unsettled areas of law, this Court need not address even such an argument, and may instead use well-settled and fundamental principals of Alabama contract and tort law to dismiss the remainder of the Plaintiff's claims against Defendant Geotrac, Inc as was argued in its original Motion for Summary Judgment.

## DISCUSSION

I.   **This Court Remains Vested With Diversity Jurisdiction Under 28 U.S.C. § 1332**

Geotrac, Inc. is an Illinois corporation doing business in the State of Illinois at all times relevant to instant action. Thus given that the Plaintiffs are both residents of the State of Alabama, complete diversity now exists. While this was obviously not asserted in

the Defendants' original notice of removal due to Geotrac's co-defendants' residency, it now nonetheless creates an independent basis for federal jurisdiction of the remaining issues. Furthermore, the Court's recognition of such jurisdiction at this point is important because, remand will likely only result in a re-removal of the case and on grounds of diversity thus needlessly expending the resources of both the parties and the court. As grounds for this Defendant Geotrac will likely rely on, among other potential references, *Brierly v. Alusisse Packaging Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (for the proposition that the one-year time limit on removal applies only to cases which become removable after the suit initially commences); *Johnson v. Heublein Inc.,* 227 F.3d 236, 241 (5th Cir. 2000); *Brown v. Tokio Marine and Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002), cert. denied, 537 U.S. 826 (2002) (both for the same) .[1] This is a procedurally uncertain area of law, however, given some of the law of this Circuit[2] and it would be highly prejudicial to Defendant Geotrac to be forced to relitigate this matter in state court should its re-removal fail. This prejudice will be more thoroughly explained in Section II, *ante*.

---

[1] Geotrac does realize that the Defendant does also carry the burden of establishing that the amount in controversy when seeking to establish federal diversity jurisdiction. As grounds therefore, Geotrac points to assertions of the Plaintiffs and their counsel both in informal settlement discussions and otherwise that a verdict at trial in excess of $150,000 is expected from the plaintiff's standpoint and an amount at least that high will be sought should this case proceed to trial.

[2] Geotrac realizes that 11th Circuit law regarding equitable exceptions to the one-year removal bar are perhaps the strictest of all Circuits with at least one case indicating (in a factually and procedurally different scenario) that the one-year limit is to be strictly construed, even in cases such as this. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (*dicta*) (it also should be noted that *Burns* is distinguishable from *Brierly* et al. supra due to the fact that those cases were all initially removable).

## II. This Court Should Exercise Its Supplementary Jurisdiction to Adjudicate the Remaining Claims Against Geotrac, Inc.

Regardless of the creation of federal diversity jurisdiction by the dismissal of Geotrac's co-defendants, this Court should nonetheless discretionarily exercise its supplementary jurisdiction and adjudicate the remaining claims asserted against Defendant Geotrac. To rule otherwise would cause undue prejudice, delay and expense to Defendant Geotrac due to, among other reasons, the Plaintiffs' failure to abide by this Court's initial scheduling order.

Upon proper removal, a Federal district court retains jurisdiction regardless of "whether or not the basis of removal, i.e., the Federal claim, thereafter remains." *Ching v. MITRE Corporation*, 921 F. 2d 11, 13 (1st Cir. 1990). Defendant Geotrac recognizes the fact, however, that it is still within the court's discretion to remand the remaining State law claims, after all of the federal claims have been dismissed. *Id.* See also, *Williams-Ward v. Lorenzo Pitts, Inc.*, 908 F. Supp. 48 (D. Mass. 1995).

Whether or not to retain jurisdiction of the remaining State law claims is a matter for decision on an individual basis. The decision on whether to retain jurisdiction or to remand should be based on judicial economy and convenience. The United States District Court for the Middle District of Alabama discussed all of the factors which must be considered in making such a decision in *Callahan v. Alabama Christian Academy*, 917 F. Supp. 786 (M.D. Ala. 1996). In *Callahan*, Judge Albritton stated that "[the] decision of whether to decline or retain jurisdiction depends upon considerations of 'economy,

convenience, fairness and comity' which must be weighed in each case." *Id*. at 790 (citations omitted). The Court went on to state that the Federal Court should decline to exercise jurisdiction when the Federal law claims have been dropped out of the suit in its early stages leaving only State claims to remain. *Id*. (emphasis added).

At the time of the Court's order of January 3rd, this case was no longer at the early stages. In fact, the case was only weeks from trial. Case law from other jurisdictions suggests that when considerable time and resources have been devoted to management of a case by a Federal Court, it is in the interest of the judicial economy, convenience, fairness and comity for the Federal Court to retain jurisdiction over the remaining claims. *See Williams-Ward v. Lorenzo Pitts, Inc.*, *supra*, (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614 (1988)).

Bolstering this proposition is the case of *Conway v. Boston Edison Company*, 745 F. Supp. 773 (D. Mass. 1990). In *Conway*, the district court made a decision to continue to exercise jurisdiction after Federal law claims have been dismissed due to the pendency of a properly supported motion for summary judgment. "There [was] no need to remand issues that [the Court could] readily decide without offense to principals of comity and federalism". *Id.* at 778. The *Conway* court went on to state that "this case is ripe for summary judgment. A remand would delay its disposition. In the interest of overall economy, I will decide the remainder of the motion".

Like *Williams-Ward* and *Carnegie-Mellon*, this case had a long history in Federal Court at the time the Motions for Summary Judgment were granted. Discovery had been

completed and the case was literally on the eve of trial. This Court was fully aware of all of the facts and circumstances, as well as the law which had been submitted with regard to the case, and some of the extraneous procedural aspects which greatly aided in the ability to continue handling of the matter–knowledge which will not be available to the state court which remand will involved.  As such, the state court system will have had to "start over" when had the remand occurred. Finally, for the reasons to be stated *ante*, there is no need to potentially upset principals of comity and federalism in the disposition of the instant matter, and, as in *Conway*, the case is truly ripe for summary judgment.

Furthermore, such starting over will result in additional substantial prejudice to Defendant Geotrac. Not only will it be forced to further expend a great sum of money relitigating these issues though discovery, it will also lose the benefit of its timely filings and practice before this Court. As the Court should recall, the Plaintiffs in the instant matter failed to abide by the discovery and expert disclosure deadlines set forth in the scheduling order having naming no experts, conducted no depositions, and obtained little else in the way of discovery. Their subsequent motions for leave to extend said deadlines were denied, after oral argument, by this Court. Should the Court now remand the case to state court, however, said errors and omissions will be instantly forgiven, while Defendant Geotrac, who complied in good faith will all orders of this Court and timely laid all of its cards on the table, so to speak, will be punished and forced to litigate at a severe disadvantage. Therefore, this court should exercise its discretion and rule on the remaining causes of action presented in the Plaintiff's Complaint.

### III. This Court Does Not Have to Determine an Unsettled Question of Alabama Law to Adjudicate Geotrac's Motion for Summary Judgment

While Defendant Geotrac does not necessarily believe that the issue of federal immunity under the National Flood Insurance Act in regards to third-party flood zone determinations to be unsettled,[3] this Court does not have to even address such a question in order to rule on the remaining claims of the Plaintiffs' Complaint against Geotrac as stated in its original Motion for Summary Judgment. This is because even should Alabama for some reason go against literally all courts which have ruled on this issue and recognize a private cause of action against third-party determiners such as Defendant Geotrac, Inc., the common-law elements necessary to maintain actions for negligence, breach of contract, breach of duty to a third-party beneficiary, or fraud are not present in the instant case. Accordingly, this Court has clearly sufficient grounds to grant Defendant Geotrac's Motion for Summary Judgment without addressing the immunity issue.

#### A. The Plaintiffs Have Not Established Duty As A Matter of Law

As a threshold issue to maintaining any of cause of action grounded in either tort or contract, the Plaintiffs must show that they were owed some sort of duty by the Defendant. Given circumstance of the instant case and the causes of action alleged, the Plaintiff may establish such a duty either directly or indirectly. In any case, however, the scope of this duty is to be determined by the terms of the contract. *See Otis Elevator of*

---

[3] *See Custer v. Homeside Lending, Inc.*, 858 So.2d 233 (Ala. 2003) (in which the Alabama Supreme Court at least arguably accepts the lineage of immunity cases cited by Geotrac in its initial Motion for Summary Judgment by citing with approval the case of *Mid-America National Bank v. First Savings & Loan Association.*, 515 N.E.2d 176 (Ill. App. Ct. 1987) and *Hofbauer v. N.W. Nat'l Bank of Rochester*, 700 F.2d 1197 (8th Cir. 1983) though its ruling was admittedly upholding summary judgment on factually different grounds).

*Gadsden v. Scott*, 586 So.2d 200, 205 (holding that the scope of an elevator company's duty to victim would be determined by the provisions of the company's contract with hospital).

By their own admission, the Plaintiffs were not parties to the Contract and therefore must attempt to survive on their status as third-party beneficiaries. *See* Deposition of Arthur Clark at page 280; Plaintiffs' Memorandum of Authorities in Opposition to Defendant Geotrac's Motion for Summary Judgment, Doc. 39 at page 7. Accordingly they cannot maintain any cause of action against Defendant Geotrac directly. *See Twine v. Liberty Nat. Life Ins. Co.*, 311 So. 2d 299 (Ala. 1975) (for the proposition that a stranger to a contract cannot take advantage of a breach of any condition in the contract); *Pittman v. Mast Advertising Publishing, Inc.*, 619 So. 2d 1377, 1379 (Ala. 1993) (quoting *Weston v. National Manufacturers & Stores Corp.*, 45 So. 2d 459, 463 (Ala. 1950) ("the general rule is that 'where the charge of negligence is based upon a breach of duty arising out of contractual relations, no cause of action arises in favor of one not in privity to such contract'").

The Plaintiffs fare no better, however, in attempting to claim status as third-party beneficiaries, on two independent grounds. First, according to the Alabama Supreme Court, "a party claiming to be a third party beneficiary must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party." *Ex parte Stamey*, 776 So. 2d 85 (Ala. 2000). The Plaintiffs, however, have in no way established that they were an intended beneficiary of

the contract. Instead, the contract between Geotrac and Dovenmuehle, stipulated by all parties as true, correct, and indisputable in the final pre-trial order, specifically states that the contract was for the benefit of Dovenmuehle alone. Furthermore, the determination at issue was made only for the purposes of lender compliance with the NFIA, a statute which itself was enacted for the protection of lenders, not borrowers. *Custer*, 858 So.2d at 244-45. Finally, an examination of the contract clearly shows no contemplation of any beneficiary beyond those explicitly named in the contract. Accordingly, any claims made under such guise must fail as a matter of law.

Secondly, any action by the Plaintiffs' as third-party beneficiaries fail because of the fact that such a beneficiary only assumes the same rights as a true party to the contract, in this case Dovenmuehle. *See Georgia Power Co. v. Partin*, 727 So. 2d 2 (Ala. 1998) ("a third-party beneficiary cannot accept the benefit of a contract while avoiding the burdens or limitations of that contract, and a party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke"). Per the terms of the contract between Geotrac and Dovenmuehle, Geotrac was explicitly authorized to simply reference the current FEMA map. As the then-current FEMA map, when compared to the Houston County tax map, did in fact show a structure located in Flood Zone A, See Deposition of Arthur Clark at page 276, 287; Affidavit of Mark Scnellinger, Defendant Geotrac clearly fulfilled its contractual obligations and is therefore immune from suit for both breach of contract in any form as well as negligence.

Moreover, again as discussed in Geotrac's original Motion for Summary Judgment, the case of *Brushwitz v. Ezell*, 757 So.2d 423 (Ala. 2000) dictates a judgment in favor of the Defendant. In *Brushwitz*, the Court determined that a home appraiser hired by a lending institution solely for its own benefit had no confidential relationship with the plaintiffs, and therefore owed them no duty. The *Brushwitz* Court further held that the appraiser owed no duty to the plaintiffs under a negligence claim because the appraiser was hired not by the plaintiffs, but instead by the lending institution. *Id.* at 433. Clearly, this is an almost identical situation to the one at hand. Geotrac was hired by the Plaintiffs' lending institution, Dovenmuehle Mortgage, and had no connection with the Plaintiffs' whatsoever. In fact, Mr. Clark explicitly stated that he never contracted with Geotrac. (See Deposition of Arthur Earl Clark at page 285). Therefore the Plaintiffs' claims of negligence and breach of contract are due to be dismissed as a matter of law.

**B.    The Plaintiff Has Not Established Fraud As A Matter of Law**

As stated in Defendant Geotrac's original Motion for Summary Judgment, in order to maintain fraud action, the Plaintiffs must establish (1) that Geotrac made a false representation, (2) that the misrepresentation involved a material fact, (3) that the Plaintiffs relied on the misrepresentation, and (4) that the misrepresentation damaged the Plaintiffs. *See Baker v. Metro. Life Ins. Co.*, 907 So.2d 419, 421 (Ala. 2005). The Plaintiff's have alleged that the Defendants represented to them that their property was in a flood zone, and that such representation was false and misleading. (See Complaint ¶¶ 40, 41). In the alternative, Plaintiffs claim that the "representations made by the

Defendants were false and were made by mistake but with the intention that the Clarks should rely on them." *Id.* at ¶ 42.

The Plaintiff explicitly stated in his deposition, however, that no one from Geotrac ever told him something that was untrue. *See* Deposition of Arthur Earl Clark at page 281. Moreover, after viewing the maps Geotrac used to make its flood zone determination, the Plaintiff admitted that the maps detailed just as Geotrac had reported to Dovenmuehle. *Id.* at 281-282. Therefore, the Clarks cannot maintain a fraud action against Geotrac because, as Mr. Clark admitted, there was never any false representation. As such, because the Plaintiffs cannot meet its burden, the fraud claims as against Geotrac are due to be dismissed.

## **CONCLUSION**

While the Court's order of January 3rd dismissing Defendants AmSouth Bank and Dovenmuehle Mortgage, as well as all federal claims asserted against Defendant Geotrac, Inc. did destroy federal question subject-matter jurisdiction over the instant case, it at the same time created federal diversity jurisdiction. Furthermore, the instant case is prototypical case of when the Court should, in its discretion, exercise its supplementary or pendant jurisdiction and rule over matters of state law. Remand of this case would be highly prejudicial to Defendant Geotrac as there is at least a possibility it will not be able to conclude the instant litigation in federal court, as is its right as a sole foreign defendant. Furthermore, remand would place an undue burden, delay and expense on Defendant Geotrac, tactically rewarding the Plaintiffs who failed to comply with the scheduling

order of this Court and punishing the compliance of Geotrac and forcing it to undergo the delay and expense of discovery anew. Finally, this Court need not rule on the matters still pending in the instant action on the basis of immunity under the National Flood Insurance Act. Instead, it may rely on fundamental principals of tort and contract law in finding that the Plaintiffs' claims are without merit and due to be dismissed.

Respectfully submitted,

*s/Joseph E. Stott*
ASB-4163-T71J
Attorney for Defendant Geotrac, Inc.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, Alabama 35244
Phone: 205-967-9675
Facsimile: 205-967-7563
E-mail: jstott@sssandf.com

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR EARL CLARK AND BARBARA E. CLARK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 1:05-cv-00747-VPM |
| AMSOUTH MORTGAGE COMPANY, INC., DOVENNUEHLE MORTGAGE INC., GEOTRAC INFORMATION SYSTEM SPECIALIST, and EMPIRE FIRE AND MARINE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Douglas M. Bates, Esq., Clifford W. Jarrett, Esq., George W. Walker, III, Esq., Thomas W. Thagard, III, Esq. and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: _____.

                                                 Respectfully submitted,

                                                 *s/Joseph E. Stott*
                                                 ASB-4163-T71J
                                                 Attorney for Defendant Geotrac, Inc.
                                                 **SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
                                                 2450 Valleydale Road
                                                 Birmingham, Alabama 35244
                                                 Phone: 205-967-9675
                                                 Facsimile: 205-967-7563
                                                 E-mail: jstott@sssandf.com Email Joseph Stott