**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

ARTHUR EARL CLARK and wife,   *
BARBER E. CLARK,              *
                             *
    Plaintiffs,              *   CIVIL ACTION NO.
                             *   1-05CV747-MHT-WC
    v.                       *
                             *
AMSOUTH MORTGAGE COMPANY,     *
INC., a corporation,          *
et al.,                       *
                             *
    Defendants.              *

**PLAINTIFFS' BRIEF IN OPPOSITION OF DEFENDANT GEOTRAC'S**
**MOTION TO RECONSIDER**

COME NOW THE PLAINTIFFS, through their attorneys of record and respectfully submit to the Court their Brief in Opposition of Defendant Geotrac's Motion to Reconsider.

BACKGROUND:

This case was originally filed in Houston County Circuit Court, Alabama in June 2005 and was removed by the Defendants to this Court. After additional discovery, exchanges of information, submissions required by the Pre-Trial Order and all Defendants having filed Motions for Summary Judgment, the Plaintiffs moved to dismiss Defendant Empire Insurance Company and some of the counts against the remaining defendants. Prior to the entering of any pre-trial

briefs by any party and the start of jury selection, this Court entered its Orders concerning the Motions For Summary Judgment filed by each of the remaining Defendants and made that order a final judgment.

The Court's OPINION correctly states the standard of review and the facts of the case. This Court went into great detail concerning its rationale. For example, this Court correctly noted, "Here, in its capacity as loan servicer for AmSouth, Dovenmuehle hired Geotrac, a third-party hazard-determination company, to monitor the flood-hazard status of buildings secured by loans held by AmSouth. In accordance with the NFIA, the service agreement required Geotrac to provide 'guarantees for accuracy' on all of its determinations. 42 U.S.C. § 4014b(d). In turn, Geotrac guaranteed each of its three evaluations indicating that the Clarks' home was located in a special flood-hazard area." (Doc. 87, p. 8)

This Court left no question as to whether Geotrac aquired immunity under the National Flood Act when it wrote, "There is absolutely nothing in the language of § 4014b(d) and § 4104d(e) providing for immunity to third-parties, such as Geotrac, from state-law claims." (Op. cit., p. 10) This

Court also points out, "The Alabama courts have yet to
address whether they would recognize state-law claims for
breach of contract, negligence, breach of duty to
third-party beneficiary, and fraud in the circumstances
presented here. Because this question is unsettled under
Alabama state law and because summary judgment has been
entered in favor of all defendants on the federal claims,
which were the basis for removal, this court believes that
the best course is to remand these remaining, unresolved
state-law claims back to state court for resolution." (Op.
cit., p. 11.)

From that Order and Opinion Geotrac has filed its
Motion to Reconsider. In its motion Geotrac makes several
claims that are not supported by the facts or the law.

ARGUMENT

Geotrac has totally disregarded that this Court ruled
on its Motion for Summary Judgment. See page 2, "JUDGMENT"
(doc 88) "(4) Defendant Geotrac Information System
Specialists's motion for summary judgment (doc. no. 28) is
denied as to the Clark Plaintiffs' state-law claims for
breach of contract, negligence, breach of duty to
third-party beneficiary, and fraud, and the Clark

plaintiffs' state-law claims against defendant Geotrac Information System Specialists for breach of contract, negligence, breach of duty to third-party beneficiary, and fraud are remanded to the Circuit Court of Houston County, Alabama."

Geotrac's position that this Court should reconsider "both the decision to remand these claims and the decision to abstain from ruling on them," fails to acknowledge to Court has ruled on those issues and had not just passed the buck.

Plaintiffs agree Geotrac will have difficulty in establishing diversity jurisdiction. "Geotrac does realize that the Defendant does also carry the burden of establishing that the amount in controversy when seeking to establishing federal diversity jurisdiction." (Geotrac's Motion to Reconsider, p. 2.) The remaining claims will not come close to the threshold amount required for diversity. In fact, Plaintiffs have already offered a compromise well below $75,000.00.

"Geotrac does realize that the Defendant does also carry the burden of establishing that the amount in controversy when seeking to establish federal diversity jurisdiction." (Loc. cit.)

This Court's ruling that the banks enjoy complete immunity for all their wrongdoings, removes much of the sting from the Plaintiffs' case. Plaintiffs are left with only one defendant and have lost all of their Federal Law claims.

Geotrac argues this Court must retain jurisdiction of this case "to avoid bringing undue prejudice, expense and delay upon Defendant Geotrac." (Loc. cit.) It claims "the Plaintiffs in the instant matter failed to abide by the discovery and expert disclosure deadlines set forth in the scheduling order having naming no experts, conducted no depositions, and obtained little else in the way of discovery. Their subsequent motions for leave to extend said deadlines were denied." (Op. cit.,) True, Plaintiffs did request an extension so that they could conduct additional discovery *concerning only Defendant Empire*. Subsequently, Empire provided Plaintiffs with additional information and engaged in open dialog, resulting in a Joint Stipulation for Dismissal (Doc. 58) which this Court granted. Geotrac has no way of knowing what preparations Plaintiffs had made and has no basis for making such a claim. Plaintiffs were ready to try this case in State Court before it was ever removed.

Geotrac's statement of law asserts, "Defendant Geotrac does not believe the issues of federal immunity and preemption to be unsettled areas of law, this Court need not address even such an argument, and may instead use well-settled and fundamental principals of Alabama contract and tort law to dismiss the remainder of the Plaintiffs' claims against Defendant Geotrac, Inc. as was argued in its original Motion for Summary Judgment." (Op. cit., 2.) This is contrary to what it asserted in its Motion for Summary Judgment. (Doc. 28) In that motion, Geotrac wrote, "the Clarks must be able to demonstrate that Geotrac owed a legal duty to them under the Act. Though Alabama courts have not explicitly addressed the issue, several courts in other jurisdictions have." (Op. cit., p. 5.) Furthermore, on page 7 of Geotrac's Motion to Reconsider they state, "because even should Alabama for some reason go against literally all courts which have ruled on this issue and recognize a private cause of action against third-party determiners such as Defendant Geotrac, Inc. . . . ."

Geotrac's own pleadings are contrary to its present position. They have provided no Alabama case law on point. Alabama Courts have not addressed a case with the same fact

pattern as the one at bar. They have provided no Federal Authority that is contrary to this Court's ruling. This Court has appropriately applied the law to the facts. Therefore; the Court's Order should not be disturbed.

Respectfully submitted this the 23rd day of January, 2007.


/s/Clifford W. Jarrett
Clifford W. Jarrett (JAR004)
Attorney for Plaintiffs
424 South Oates Street Suite #3
Dothan AL 36301
(334)702-0777

### CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: Joseph E. Stott, Esq., Thomas W. Thagard, III, Esq., and John David Collins, Esq. and I hereby certify that I have mailed by United States Postal Service the documents to the following Non-CM/ECF participants: NONE.

/s/Clifford W. Jarrett
Clifford W. Jarrett
Of Counsel